375 A.2d 1257
In re PROHIBITION OF POLITICAL
ACTIVITIES BY COURT-AP-
POINTED EMPLOYEES.
Petition of John M. SILVESTRI, Esquire.
Petition of George S. GOBEL, Esquire.
Petition of Michael KAMINSKI.

Supreme Court of Pennsylvania.

Opinion Filed July 1, 1977.

556

Before EAGEN, C. J., and O'BRIEN, ROBERTS, POMEROY, NIX, MANDERINO and PACKEL, JJ.

## MEMORANDUM OPINION

PER CURIAM:

We have before us three petitions seeking exemption from directives issued on behalf of this Court which prohibit political activity by certain court-appointed employees.[1] Since the petitions, save for one aspect of

---

1. These pleadings, all filed with the original jurisdiction of this Court, are as follows:

 (1) "Application for Relief for an Exemption from Political Activities by Court Personnel" filed at No. 3788 Miscellaneous Docket by John M. Silvestri, Esquire, of Pittsburgh. Mr. Silvestri, a law clerk to the Honorable Silvestri Silvestri, a judge of the Court of Common Pleas of Allegheny County, Pennsylvania, seeks an exemption in order to run for and, if elected, hold the office of school director of Northgate School District

that of petitioner Kaminski, raise essentially the same issues, they will be considered together.

On March 3, 1976, the Court Administrator of Pennsylvania, the Honorable Alexander F. Barbieri, sent to all judges and justices of the peace in the Commonwealth a memorandum advising that partisan political activities by persons employed by judges or justices of the peace were improper, and that, unless such activities were terminated within 30 days, the persons must be removed from judicial office.[2] This was followed on May 7, 1976

in Allegheny County, an office to which he has been nominated by both the Democratic and Republican parties, while continuing to hold his position in the court of common pleas.

(2) "Petition for Exemption from Court Prohibition against Political Activity by Court Employees", filed at No. 3794 Miscellaneous Docket by George S. Gobel, Esquire, a law clerk to the Honorable Zoran Popovich, a judge of the Court of Common Pleas of Allegheny County, Pennsylvania. Mr. Gobel seeks an exemption in order to run for and, if elected, hold the office of school director of South Allegheny School District in Allegheny County, an office to which he has been nominated in both the Democratic and Republican parties, while continuing to hold his position with the court of common pleas.

(3) "Petition for Review" filed at No. 405 Miscellaneous Docket No. 21, by Michael Kaminski, a tipstaff in the Court of Common Pleas of Allegheny County, seeking to retain his office as councilman in the Borough of McKees Rocks, Allegheny County, Pennsylvania, and to run for reelection to said office and, if elected, to hold the same for another term commencing January, 1978, while retaining his position as an employee of the court of common pleas.

2. The text of Judge Barbieri's memorandum of March 3, 1976, is as follows:

"Questions have been raised concerning the employment by judges and justices of the peace of persons who are actively engaged in partisan political activities. Complaints have been received that persons are employed in judicial systems at the County level with the Courts of Common Pleas, justices of the peace, or constables, and that such persons are holding posts as committee persons and ward leaders. In addition, some of these individuals actively serve at the polls on Election Day as watchers or perform other functions of a political nature.

"Such employment is improper, and those concerned with such employment, either as employers or employees, are hereby advised that, unless such party or political affiliation or activity is terminated within the next 30 days, such persons must be removed from judicial employment."

by a supplemental memorandum from the Court Admin-
istrator to the president judges of the fifty-nine judicial
districts in the Commonwealth which reiterated the pur-
pose and intent of the March 3, 1976 directive.[3] On
March 18, 1977, the Court Administrator wrote still an-
other memorandum on the subject of political activities
of district justices and court personnel.[4] This letter was

3. The text of the May 7, 1976 communication was as follows:
 "Since the memorandum of March 3, 1976 was issued by this
 Office as to prohibitive political activity, it has become appar-
 ent that confusion as to the scope of that advisory calls for
 clarification.
 "The memorandum was issued as a reminder to judges and
 district justices of the peace that they and their staffs should
 remain free from any political activity. It was also intended
 that district court administrators and their staffs would be sub-
 ject to the prohibitions in the memorandum.
 "This Office is aware, of course, that some transitional time
 will be required in order to avoid undue disruption of court
 systems. For example, we have indicated that resignations
 from posts to which personnel were already committed could
 be carried out in an orderly fashion within two weeks after the
 primary.
 "President Judges are asked to report on what steps are
 being taken to implement the memorandum, stating also what
 time allowances are being considered as reasonably required for
 eliminating such relationships."
4. This communication by inadvertence quoted a version of Rule
 15 of the Rules Governing Standards of Conduct for District Jus-
 tices of the Peace which had been superseded. On March 28,
 1977, the Court Administrator distributed the current version of
 the Rule adopted by this Court, effective February 1, 1973, and
 amended October 17, 1975, effective in 90 days. An explanatory
 note appended to the Rule and quoted by the Court Administra-
 tor in the March 28 communication reads as follows:
 "Note: This rule is derived from former Rule 15 and from Can-
 on 7 of the American Bar Association and Pennsylvania Su-
 preme Court Code of Judicial Conduct. It should be noted that
 this rule prohibits only political activity that is partisan in na-
 ture and consequently there is no objection to a justice of the
 peace becoming engaged in political activity of a public service
 nature, such as, for example, political activity in behalf of mea-
 sures to improve the law, the legal system or the administra-
 tion of justice."
 An admonition relative to political activities of justices of the
 peace and the personnel of their offices by way of assisting in
 voter registration and otherwise was given to president judges
 and the district justices on behalf of the Court as long ago as
 September 9, 1971 by the then Court Administrator, the Honora-

addressed to all judges and all district justices in Pennsylvania. It said in part:

"This Supplemental Memorandum is a reminder to judges and district justices of the peace that they and their staffs must remain free from any political activity. Persons employed in sensitive positions in the court system must not engage in partisan politics. This would preclude law clerks, court administrators and secretarial employees from being committee-persons, working at the polls or running for public office."

■ ■ These directives by the Court Administrator relative to court-appointed employees were issued with the knowledge and approval of this Court and correctly state the public policy and general principles involved. Indeed, none of the petitioners challenges the authority of the Administrator's advices or questions the wisdom of the prohibitions therein set forth. The purpose of the memoranda, of course, was to maintain not only the independence, integrity and impartiality of the judicial system but also the appearance of these qualities. The vice of mixing political and judicial activity is too obvious to require elaboration here. Only by a steadfast separation of partisan political activity from the judicial function can the confidence of the public in courts and judges be merited and maintained.

■ Petitioners allege that they did not become aware of the memorandum above referred to until the week of May 16, 1977, too late to withdraw from the primary election held May 17, 1977. While this is regrettable, it does not relieve them from compliance once they become aware of the directives.

■ ■ Petitioners Silvestri and Kaminski argue that in running for election to the offices they respectively seek, they are not engaging in political activity because

ble A. Evans Kephart, and was repeated on November 16, 1976 by the present Court Administrator.

they were nominated on both major party tickets and are virtually assured of election. We cannot accept this argument; even were a political campaign held to be nonpolitical because no other person has been nominated to office, the argument overlooks the fact that it is the holding of the office as well as the obtaining of it which is interdicted. Nor can we agree with petitioners Gobel and Silvestri that election to the office of school director, because it pertains to public education, is not election to a political office. Thus we conclude that each of the petitioners is covered by the directives in question.

 Petitioner Silvestri has advanced constitutional arguments in support of his petition, particularly that the directives of the Court Administrator violate his rights under the First Amendment and under the Equal Protection Clause of the Constitution of the United States. We have considered these arguments and find them without merit.

 Petitioner Kaminski is now and for over two years past has been a member of council in McKees Rocks Borough. It was not the intention of the directives that they should cause the resignation from an elective office of one who was an incumbent of such office prior to the issuance of the directives. We shall therefore grant Kaminski the exemption he has prayed for in that regard, and he may serve out the term of his elected office without resigning as tipstaff. This does not, however, sanction his running for reelection as councilman while retaining his court employment.

The several directives of the Court Administrator prohibiting political activity by court-appointed employees of any court, judge or justice of the peace are hereby reaffirmed, and the petitions before us are denied, except that the petition of Michael Kaminski is granted to the extent that he need not resign his office as borough councilman prior to the expiration of his term.

MANDERINO, J., filed a concurring opinion.

MANDERINO, Justice, concurring.

I join in the opinion of the Court because no issue is before us concerning the right of a court-appointed employee to run for judicial office, an activity which is not prohibited to judges themselves.