386 A.2d 530

**In re Petition for Committeeperson for Philip NOVALSKI.**

**In re Petition for Committeeperson for Ann E. DALY.**

Supreme Court of Pennsylvania.

April 27, 1978.

■■■■■■

Joseph Hugh O'Donnell, Jr., Philadelphia, for petitioners.

Jonathan Vipond, III, Philadelphia, for respondent.

Before EAGEN, C. J., and O'BRIEN, ROBERTS, POMEROY, NIX, MANDERINO and LARSEN, JJ.

## OPINION

PER CURIAM.

Petitioners, Philip Novalski and Ann E. Daly, employees of the Traffic Court of Philadelphia, are duly nominated candidates in the May 16, 1978 primary election for Democratic Committeeperson in the 62nd Ward, Divisions 18 and 12, respectively. On March 24, 1978, the President Judge of the Traffic Court of Philadelphia notified petitioners that if they did not petition to withdraw as candidates before March 31, 1978, petitioners' employment would be terminated. The President Judge's action was prompted by certain regulations promulgated by the Administrator of the Pennsylvania court system which regulations prohibit partisan political activities by court-appointed employees.[1]

On March 27, 1978 petitioners filed petitions to withdraw from their respective candidacies, and on that same date the Philadelphia Court of Common Pleas ordered the Philadelphia City Commissioners to accept these petitions to withdraw. Petitioners seek a writ of prohibition to vacate this order directing the City Commissioner to accept the petitions

1. The validity of these regulations has been upheld by this Court. *In Re: Prohibition of Political Activities*, 473 Pa. 554, 375 A.2d 1257 (1977).

to withdraw from candidacy.[2]  For the reasons and under the conditions set forth below, we grant petitioners' writ.

The lower court's order to the City Commissioners to accept petitioners' petition to withdraw from candidacy was issued after March 14, 1978, the last day of this election year upon which candidates are permitted under the Election Code to withdraw nominating petitions.  25 P.S. §§ 2873(d), 2874 (1963 & Supp. 1977–78).  We hold that the lower court exceeded its jurisdiction when it ordered the acceptance of petitioners' petitions to withdraw from candidacy at a time when the statutory period for such a withdrawal had elapsed, absent a statutory basis for doing so. Accordingly, the lower court's order is vacated.  Moreover, the presence of petitioners' names on the ballot for the May 16th primary election shall in no way be construed as a violation of the regulations of the State Court Administrator or any Traffic Court directives implementing those regulations.  Petitioners are directed not to actively seek election, and in the event that they are elected, they must immediately resign from their offices if they continue in their present employment.  *See Ottaviano v. Barbieri*, 478 Pa. 235, 386 A.2d 527 (1978).

It is so ordered.

ROBERTS, J., files a dissenting opinion in which POMEROY, J., joins.

ROBERTS, Justice, dissenting.

The majority's creation of a special exception permitting two more Philadelphia Traffic Court employees to run for political party ward committee membership is an egregious and arbitrary departure from the firm public policy of the Commonwealth of keeping politics out of the court system. This Court, above all other courts, must be constantly alert to the commitment to prohibit even the slightest political

2.  This Court has original but not exclusive jurisdiction in all cases of prohibition to courts of inferior jurisdiction.  Appellate Court Jurisdiction Act of July 31, 1970, P.L. 673, No. 223, art. II, § 201(2), 17 P.S. § 211.201(2) (Supp.1977 78).

intrusion into the judicial system, a commitment which unfortunately the majority's action ignores. No employee in the entire state judicial system, except petitioners here and in *Ottaviano v. Barbieri*, filed this date, may remain in partisan politics while serving the courts.

The majority's misuse of the extraordinary writ of prohibition here is even more disturbing than in *Ottaviano*. "The writ of prohibition, is one which, like all other prerogative writs, is to be used only with great caution and forbearance and as an extraordinary remedy in cases of extreme necessity . . .." *Carpentertown Coal and Coke Co. v. Laird*, 360 Pa. 94, 102, 61 A.2d 426, 430 (1948). It should be issued only to vindicate clear legal rights. See *In re Reyes*, 476 Pa. 59, 381 A.2d 865 (1977). Here, petitioners, along with 36 others, complied with the valid regulations of the Court Administrator of Pennsylvania and the President Judge of the Traffic Court of Philadelphia by removing their names from the May, 1978, primary ballot for ward committee member. What rights does the majority vindicate when the petitioners sought and obtained below the very relief they seek to prohibit here? Petitioners have not established that the regulations of the Court Administrator and President Judge affect any of their legal rights. Nonetheless, contrary to petitioners' request below, the majority orders their names back on the ballot, by misusing the extraordinary writ of prohibition. Thus, the majority denies the courts the necessary authority to maintain the integrity of the judicial system free from political intrusion, directly contradicting the unanimous holding of this Court in *In re Prohibition of Political Activities*, 473 Pa. 554, 375 A.2d 1257 (1977).

The procedure of this case is remarkably irregular. Petitioners requested respondents, the Philadelphia City Commissioners, to withdraw their names as candidates for ward committee seats in the May, 1978, primary. The Court of Common Pleas of Philadelphia, at the request of petitioners, ordered petitioners' names removed from the ballot. Without returning to the court of common pleas, petitioners now seek to prohibit respondents from honoring petitioners' own

requests to withdraw, granted below. This is a most unusual appeal by the winners in the court below from a determination made in accordance with their requests. If petitioners were dissatisfied with the regulations prohibiting political activity by court employees, they should have challenged those regulations directly in the trial court. Thus, petitioners asked below to be removed from the ballot, and won; now they ask to get back on the ballot, and strangely enough the majority grants that request also. How petitioners may have "off-ballot" relief in the court below and "back-on-the-ballot" relief here the majority fails to say.

I dissent, and would deny these petitions in their entirety, as I would do in *Ottaviano*, supra.

POMEROY, J., joins in this dissenting opinion.