410 A.2d 768

Philip NOVALSKI

and

Ann E. Daly

v.

Honorable Alexander F. BARBIERI, Court Administrator of Pennsylvania

and

Honorable Dominick Iannarelli, President Judge, Traffic Court.

Supreme Court of Pennsylvania.

March 11, 1980.

Joseph Hugh O'Donnell, Jr., Philadelphia, for petitioner.

Charles W. Johns, Pittsburgh, Howland W. Abramson, Philadelphia, for respondents.

Before EAGEN, C. J., and O'BRIEN, ROBERTS, NIX, LARSEN, FLAHERTY and KAUFFMAN, JJ.

## ORDER

Petition Denied. Stay previously granted is vacated.

NIX, Justice, files a dissenting opinion.

NIX, Justice, dissenting.

Petitioners are court-appointed employees of the Philadelphia Traffic Court who filed as candidates in the April 22, 1980 primary election for the office of Committeepersons. By memorandum dated March 6, 1979, President Judge Iannarelli of the Philadelphia Traffic Court, informed all employees that they would be removed from their positions unless they "cease and desist all partisan political activity." The action of President Judge Iannarelli was based upon memoranda during the month of March 1977, from Judge Barbieri, the Court Administrator of Pennsylvania, directing the employees of the Philadelphia Traffic Court to remain free from all political activity.

Petitioners assert that the directives of Judge Barbieri and President Judge Iannarelli were superseded by the recent act of the General Assembly which provides that "any employee of a court of common pleas, the Municipal Court of Philadelphia, the Traffic Court of Philadelphia . . . may run for and hold any elective office." Act of Oct. 4, 1978, P.L. 883, No. 170 § 10.

By virtue of this legislation petitions request a writ of prohibition to prevent their removal from active employ-

ment status for filing for candidates for, actively running for, and holding if elected, the office of Committeeperson. We have approved the directives of Judge Barbieri and President Judge Iannarelli, *In re Prohibition of Political Activities by Court-Appointed Employees*, 473 Pa. 554, 375 A.2d 1257 (1977), and have upheld them against earlier challenges by these petitioners and other employees of the Philadelphia Traffic Court. See, *In re Novalski*, 478 Pa. 243, 386 A.2d 530 (1978); *Ottaviano v. Barbieri*, 478 Pa. 235, 386 A.2d 527 (1978).

Without stating its reasons, the Court today dismisses the petition for a writ of prohibition. I believe that the petition raises important questions that should have been addressed and that the Court's action calls into question the state of the law in this area.

This is the first attempt to seek a writ of prohibition to restrain the exercise of the *administrative* power of a judicial tribunal. Traditionally, writs of prohibition have been employed to correct abuses of courts' *judicial* power. See *Carpentertown Coal and Coke Co. v. Laird*, 360 Pa. 94, 61 A.2d 426 (1948). In this new day where administration has become a significant part of the Court's responsibility, it is important to determine whether or not writs of prohibition will be permitted to be employed as vehicles to curb alleged abuses in the exercise of the administrative power.

Beyond this threshold question a most difficult issue is presented by the obvious conflict between a legislative mandate and a court rule.[1]

The failure to resolve these questions leaves petitioners at a loss as to what their rights are and why their request for relief was denied. In my judgment the Court's action is not only jurisprudentially unsound, but also reflects a failure of

---

1. A sub-issue in this case is whether these administrative directives represent the exercise of the Court's rule-making power. *See In re Prohibition of Political Activities of Court-Appointed Employees*, 473 Pa. 554, 560, 375 A.2d 1257, 1259 (1977) ("These directives by the Court Administrator relative to court-appointed employees were issued with the knowledge and approval of this Court and correctly state the public policy and general principles involved").

the responsibility owed by an employer to the employee. Today's result does not permanently avoid the resolution of these complex and difficult issues. As demonstrated by the frequency of cases in this Court concerning the rights of Traffic Court employees to run for public office, see *In re Novalski, supra; Ottaviano v. Barbieri, supra; In re Prohibition, supra*, these issues will perpetually haunt this Court until they are ultimately resolved.

The Court's action puts the petitioners in an unjustifiably harsh position. The dismissal of their petition leaves them only two options: one, either they forfeit the right arguably conferred upon them by statute to seek political office, or two, they must risk dismissal from employment if they continue in their pursuit of political office. If the latter option is chosen and President Judge Iannarelli carries out his intention to terminate petitioners' employment, petitioners will have no recourse other than to sue for back pay and reinstatement and raise these same issues in their support. It is absurd to force these petitioners to be discharged and to bring a subsequent lawsuit when this Court could today definitively dispose of the questions raised rather than entering an ambiguous order which provides no guidance.