611 A.2d 1335

The COUNTY OF LUZERNE, Petitioner,

v.

UNEMPLOYMENT COMPENSATION BOARD
OF REVIEW, Respondent.

Commonwealth Court of Pennsylvania.

Argued April 6, 1992.

Decided June 12, 1992.

474

Richard M. Goldberg, Co. Sol., for petitioner.

Paul R. Mazzoni, for respondent, Diane L. Malast.

Before McGINLEY, SMITH (P.), JJ., and NARICK, Senior Judge.

SMITH, Judge.

The County of Luzerne (Employer) petitions for review of the order of the Unemployment Compensation Board of Review (Board) which reversed the referee's decision denying benefits to Diane L. Malast (Claimant) pursuant to Section

402(e) of the Unemployment Compensation Law (Law).[1] The issue presented for review is whether the Board erred as a matter of law in concluding that Claimant's conduct did not rise to the level of willful misconduct. For the following reasons, the Board's order is reversed.

Claimant worked for Employer as a secretary/office clerk to a district justice for twenty-one years. In a letter to President Judge Patrick J. Toole, Jr., Court of Common Pleas of Luzerne County, Claimant gave notice that she was considering running for the position of district justice. She further indicated that she was aware of a ruling that affects the employment of judicial employees who seek political office and requested that Judge Toole clarify this ruling for her.

In his March 8, 1991 letter to Claimant, Judge Toole noted that Claimant was a court-appointed employee subject to the restriction of the Pennsylvania Supreme Court Guidelines (Guidelines) promulgated by the Order of June 29, 1987, 82 Judicial Administration Docket No. 1. Specifically applicable was Section 3 of the Guidelines:

3. *Termination of Employment*

Henceforth, a court-appointed employee engaging in partisan political activity shall cease such partisan political activity at once or shall be terminated from his or her position. In the event an employee chooses to become a candidate for any office, such employee shall be terminated, effective the close of business on the first day of circulating petitions for said office.

Judge Toole informed Claimant that taking a leave of absence would not allow her to avoid the requirements of Section 3 since she would still be an employee bound by the Guidelines. He advised Claimant that should she circulate any petitions for the position, her employment would be terminated.

On March 13, 1991, Judge Toole became aware that Claimant circulated nomination petitions for the position of district justice. He informed her by letter that she had the option of either resigning from her employment or withdrawing as a

---

1. Act of December 5, 1936, Second Ex.Sess., P.L. (1937) 2897, *as amended,* 43 P.S. § 802(e).

candidate for this public office, and should she fail to choose either option by March 18, 1991, she would be discharged at that time. On March 18, 1991, Claimant advised Judge Toole of her intention to pursue her candidacy, whereupon Claimant was discharged.

Claimant's application for unemployment compensation was denied by the Bureau of Unemployment Compensation Benefits and Allowances. Claimant appealed to the referee and at hearing in the matter, Claimant testified that she knew of the Guidelines but was aware of judicial employees who were employed at that time and involved in political activity. The referee found that Claimant deliberately violated a reasonable employer directive without any reasonable justification and thus had committed willful misconduct under Section 402(e) of the Law. On May 10, 1991, the referee upheld the Bureau's denial of benefits and Claimant appealed to the Board.

The Board ordered the referee to schedule another hearing for the sole purpose of receiving additional testimony and evidence from the parties pertaining to alleged disparate treatment: "Specifically, were there other employees similarly situated as the claimant who were permitted to run for elective office, and yet, kept their job." June 11, 1991 Board Memorandum to Referee. At the hearing upon remand, Claimant declined to present further evidence on the remanded issue. She testified only that "there are people that have been provided their employment while running for office, and they're [sic] names are known around the courthouse, and— but I can't put anybody in the same position that I've been placed in. I'm not going to provide any names." July 8, 1991 Hearing, N.T., p. 4.

On September 16, 1991, the Board issued its decision and order reversing the referee. The Board found that other employees similarly situated as Claimant were permitted to run for political office while keeping their jobs, and concluded that because of such disparate treatment, Claimant's actions cannot be considered as rising to the level of willful miscon-

duct. The Board granted benefits to Claimant, and Employer now appeals to this Court.[2]

Willful misconduct has been defined as a wanton or willful disregard of the employer's interest; a deliberate violation of employer's rules; disregard of standards of behavior which an employer can rightfully expect from an employee; or negligence indicating an intentional disregard of the employer's interests or the employee's duties or obligations. *Frumento v. Unemployment Compensation Board of Review*, 466 Pa. 81, 351 A.2d 631 (1976). Whether an employee's misconduct rises to the level of willful misconduct is a question of law and is subject to this Court's review. *Schneider v. Unemployment Compensation Board of Review*, 105 Pa.Commonwealth Ct. 238, 523 A.2d 1202 (1987). The employer has the burden of proving that an employee has engaged in willful misconduct. *Williams v. Unemployment Compensation Board of Review*, 141 Pa.Commonwealth Ct. 667, 596 A.2d 1191 (1991). Where, as here, it is alleged that the claimant has violated a rule, the employer bears the burden of proving both the existence of the rule and its violation. *Giglio v. Unemployment Compensation Board of Review*, 126 Pa.Commonwealth Ct. 471, 560 A.2d 271 (1989).

The parties do not dispute the existence of the Guidelines regarding court-appointed employees engaged in partisan political activities. Claimant's testimony clearly indicated her awareness of the Guidelines and her knowing violation of them. The Pennsylvania Supreme Court has held that similar violations of the rule proscribing partisan political activity constitute willful misconduct. *See In re Dobson*, 517 Pa. 19, 534 A.2d 460 (1987); *In re Prohibition of Political Activities By Court–Appointed Employees*, 473 Pa. 554, 375 A.2d 1257 (1977). Furthermore, in *Giglio*, a probation officer who sought a district justice position was advised by the president

---

2. This Court's scope of review in unemployment compensation cases is to determine whether the findings of fact are supported by substantial evidence, whether an error of law has been committed, or whether constitutional rights have been violated. *Chamoun v. Unemployment Compensation Board of Review*, 116 Pa.Commonwealth Ct. 499, 542 A.2d 207 (1988).

judge of the court of common pleas that his actions would violate the Guidelines and was given the option of either resigning his job or withdrawing from the race. He chose neither option and was discharged. This Court held such conduct to be willful misconduct, and the employee was denied benefits. Thus, it is clear that Employer in the matter sub judice met its initial burden of showing the existence of a work rule and its violation by Claimant.

■ Once the employer has met its initial burden, the burden then shifts to the claimant to show either that the rule is unreasonable or that claimant had good cause for violating the rule. *Giglio; Bullock v. Unemployment Compensation Board of Review,* 43 Pa.Commonwealth Ct. 528, 402 A.2d 734 (1979). Claimant asserts that Employer allowed other employees who committed the same offense to continue working, thus justifying her violation of the rule. However, "[w]hen an employee is advised that a rule will be strictly enforced, even though it had not been previously, violation of the rule ... constitutes willful misconduct." *City of Greensburg v. Unemployment Compensation Board of Review,* 139 Pa.Commonwealth Ct. 265, 269, 590 A.2d 388, 390 (1991); *See also Bullock.*[3]

The Board also found that Claimant at the time of hire and throughout her employment was never informed of the prohibition against running for elected office. Such evidence does not constitute good cause for violation of the rule. In *In re Prohibition of Political Activities,* the claimants alleged that they did not become aware of the Guidelines until it was too late to withdraw from the primary election. The Supreme Court held that "[w]hile this is regrettable, it does not relieve them from compliance once they became aware of the directives." *Id.,* 473 Pa. at 560, 375 A.2d at 1260. Claimant here was aware of the Guidelines prior to making her decision

**3.** Employer contends that the Board lacked substantial evidence for its finding regarding the disparate treatment given other employees, especially in light of the remand hearing held only for that purpose, when such finding was based solely on Claimant's unsupported assertions. While Employer's argument has merit, it need not be addressed further in light of this Court's holding regarding the Board's clear error of law.

to run for office and chose not to comply. Her conduct unquestionably rose to the level of willful misconduct and the Board erred in holding otherwise.

## ORDER

AND NOW, this 12th day of June, 1992, the order of the Unemployment Compensation Board of Review is reversed.