642 A.2d 657

**Betty S. CASSATT, Petitioner,**

v.

**UNEMPLOYMENT COMPENSATION BOARD OF REVIEW, Respondent.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs April 14, 1994.

Decided May 26, 1994.

358

Shawn A. Bozarth, for petitioner.

Randall S. Brandes, Asst. Counsel, and Clifford F. Blaze, Deputy Chief Counsel, for respondent.

Before COLINS and NEWMAN, JJ., and KELTON, Senior Judge.

KELTON, Senior Judge.

Claimant Betty S. Cassatt petitions for review of the August 6, 1992 order of the Unemployment Compensation Board of Review (Board), in which the Board denied Claimant benefits due to willful misconduct under Section 402(e) of the Unemployment Compensation Law.[1]  We affirm.

In this case in which Employer Michael Manor discharged Claimant, a nurse, for 1) engaging in religious activities while on duty;  and 2) failing to follow Employer's medical proce-

---

1.  Act of December 5, 1936, Second Ex.Sess., P.L. (1937) 2897, *as amended,* 43 P.S. § 802(e).

dures, the issues before us are whether substantial evidence supports the Board's findings of willful misconduct and whether a denial of unemployment compensation benefits violates Claimant's right to religious freedom.[2]

## Background

The Board found the following facts. Claimant last worked for Employer as a licensed practical nurse from September, 1973 to April 7, 1992. Employer gave Claimant several written warnings for engaging in religious activities while on duty and for failing to follow Employer's medical procedures. Employer suspended Claimant for these violations on October 9, 1991. Claimant was aware that her job was in jeopardy. Then on March 26, 1992, at approximately 10:30 p.m., Claimant was called to aid a patient who had injured her head in an accident. Claimant knew that she was required under Employer's procedures to take the patient's vital signs and call a doctor. Claimant did not take the patient's vital signs or call a doctor, but instead went to find an incident report and take a final count of the drugs on hand. While in the hallway on her way to the patient's room with a registered nurse, Claimant threw her hands in the air and started "talking to God." Employer discharged Claimant on April 7, 1992 for failing to follow procedures regarding the accident and for continued religious activities while on duty.

On appeal to this Court, Claimant argues that a denial of benefits unconstitutionally infringes upon her right to exercise her religion. Claimant also argues that insufficient evidence supports a finding that Claimant failed to follow Employer's medical procedures with respect to the accident. Further, citing *Unemployment Compensation Board of Review v. Dixon*, 27 Pa.Commonwealth Ct. 8, 365 A.2d 668 (1976), Claimant asserts that her failure to take vital signs is immaterial to the performance of her job because no harm resulted to the patient.

2. Our scope of review is limited to determining whether constitutional rights were violated, whether an error of law was committed or whether the findings of fact are supported by substantial evidence. *Dingbat's v. Unemployment Compensation Board of Review*, 123 Pa.Commonwealth Ct. 73, 552 A.2d 1157 (1989).

The Board contends that Claimant's testimony reveals that she knowingly violated Employer's medical procedures. Further, the Board argues that although two reasons were given for Claimant's discharge, Claimant's failure to follow Employer's medical procedures alone is sufficient to disqualify her from receiving unemployment compensation benefits. We agree.

## Discussion

Under Section 402(e) of the Law, a claimant who is discharged for willful misconduct connected with his or her work is ineligible for unemployment compensation. 43 P.S. § 802(e). The employer bears the burden of proving willful misconduct. *County of Luzerne v. Unemployment Compensation Board of Review*, 148 Pa.Commonwealth Ct. 473, 611 A.2d 1335 (1992). In cases involving a deliberate work-rule violation, the employer must establish the existence of a reasonable work rule and the fact of its violation. *Williams v. Unemployment Compensation Board of Review*, 141 Pa.Commonwealth Ct. 667, 596 A.2d 1191 (1991). The burden then shifts to the claimant to show good cause for his or her action. *Id.*

Where, however, "the state ... denies [unemployment compensation benefits] because of conduct mandated by religious belief, thereby putting substantial pressure on an adherent to modify his behavior and to violate his beliefs, a burden upon religion exists." *Hobbie v. Unemployment Appeals Commission of Florida*, 480 U.S. 136, 140, 107 S.Ct. 1046, 1049, 94 L.Ed.2d 190 (1987) (unconstitutional denial of benefits to claimant for refusal to work on Fridays and Saturdays due to religious belief). The burden that a denial of benefits places on a claimant's right to free exercise must be sufficiently compelling to override the claimant's first amendment rights. *Frazee v. Illinois Department of Employment Security*, 489 U.S. 829, 109 S.Ct. 1514, 103 L.Ed.2d 914 (1989) (unconstitutional denial of benefits to claimant for refusal to work on Sundays due to personal religious belief); *Hobbie.* In order to qualify for first amendment protection, a claimant's actions must be motivated by sincerely held religious beliefs.

*Monroe v. Commonwealth, Unemployment Compensation Board of Review*, 112 Pa.Commonwealth Ct. 488, 535 A.2d 1222 (1988) (case remanded for additional findings).

█ In our case, as in *Monroe*, the Board failed to make findings with respect to whether Claimant's conduct at work was mandated by a sincerely held religious belief or whether the state had a compelling reason for denying benefits because of her religious activities at work. For example, the Board made no findings that any specific religious activity affected Claimant's patient care responsibilities. However, here, we need not decide whether a denial of benefits, based on Claimant's religious activities at work, infringes upon her right to religious freedom because we find that evidence of Claimant's deliberate failure to follow Employer's medical procedures is alone sufficient to establish that Claimant's unemployment is due to willful misconduct. *Anderson v. Unemployment Compensation Board of Review*, 86 Pa.Commonwealth Ct. 626, 485 A.2d 900 (1985) (substantial evidence of one of three reasons given for discharge held sufficient to support finding of willful misconduct).

Claimant does not dispute the existence or reasonableness of Employer's required medical procedures. Our review of the record reveals that substantial evidence supports the Board's findings that Claimant knowingly failed to follow these procedures. Claimant testified that she was notified of the patient's accident at about 10:30 p.m., near the end of her shift. Claimant stated that after determining that the patient's head injury did not require stitches or cleaning, she went to find an incident report and also "grabbed a quick count of the drugs." N.T. at 8. Claimant described the patient as conscious, but normally incoherent. Claimant testified that about twenty minutes had elapsed before the night nurse arrived, at which time Claimant still had not taken the patient's vital signs or called a doctor. Claimant conceded that she had perhaps not taken the patient's vital signs "exactly when [she] was supposed to." N.T. at 7.

Particularly in light of case law holding health care workers to a higher standard of care,[3] we find entirely without merit Claimant's argument that her failure to follow procedures in the accident case is immaterial to her job as the nurse on duty in a health care facility. Further, Claimant misplaces reliance on *Dixon* in which this Court held that a false statement on an employment application disqualifies a claimant from unemployment compensation only where the misrepresentation concerns a matter material to the claimant's employment. In cases, such as ours, involving a deliberate work rule violation, this Court has consistently considered the *de minimis* argument irrelevant. *See General Electric Co. v. Unemployment Compensation Board of Review,* 49 Pa.Commonwealth Ct. 468, 411 A.2d 578 (1980). Therefore, we hold that the Board properly determined that Claimant's failure to follow Employer's medical procedures constitutes willful misconduct.

Accordingly, we affirm the order of the Board denying Claimant benefits due to willful misconduct.

## ORDER

**AND NOW,** this 26th day of May, 1994, the order of the Unemployment Compensation Board of Review dated August 6, 1992 at No. B–301419 is hereby affirmed.

---

3. *See Holly v. Unemployment Compensation Board of Review,* 151 Pa.Commonwealth Ct. 450, 617 A.2d 80 (1992), *petition for allowance of appeal denied,* 534 Pa. 643, 626 A.2d 1160 (1993).