STOP-N-GO OF WESTERN
PENNSYLVANIA, INC.,
Petitioner,

v.

UNEMPLOYMENT COMPENSATION
BOARD OF REVIEW,
Respondent.

Commonwealth Court of Pennsylvania.

Submitted on Briefs Dec. 5, 1997.

Decided Jan. 28, 1998.

David M. Zimmerman, Indiana, for petitioner.

Clifford F. Blaze, Deputy Chief Counsel, Harrisburg, for respondent.

Before PELLEGRINI and KELLEY, JJ., and NARICK, Senior Judge.

NARICK, Senior Judge.

The issue presented on appeal is whether the Unemployment Compensation Board of Review (Board) erred by finding Ann J. Brackus (Claimant) did not harass a coworker at work in violation of her employer's harassment policy and therefore was not guilty of willful misconduct.

Stop-N-Go of Western Pennsylvania, Inc. (Employer) appeals from an order of the Board that affirmed the referee's decision granting benefits under the Unemployment Compensation Law (Law), Act of December 5, 1936, Second Ex.Sess., P.L. (1937) 2897, *as amended,* 43 P.S. §§ 751—914.

Claimant worked full-time for Employer, a company engaged in the convenience store business, from January 15, 1971 until January 8, 1997 when she was discharged for allegedly harassing James Schultz (Schultz), a coworker, in violation of Employer's policy. As a result of her dismissal, Claimant filed for unemployment compensation benefits. The Office of Employment Security (OES) granted Claimant's application for benefits because Employer did not prove willful misconduct. Employer appealed. Originally, a hearing before a referee was scheduled for March 18, 1997, but the hearing was postponed upon Claimant's request. The hearing was then rescheduled for March 20, 1997. Although Claimant and her attorney appeared at the rescheduled hearing, Employer failed to appear.

At the hearing, the referee reviewed and identified the documents in the file and asked Claimant's attorney whether she objected to the admission of any of those documents. Claimant's attorney objected to all of Employer's documents, including, *inter alia*, documents pertaining to the harassment incident, previous suspension documents and a summary of the job center's interview with Claimant.[1] Claimant then testified to her name, year of hire, last day of work, position, and pay rate. No other evidence was presented at the hearing.

In his decision to grant benefits, the referee found that there was no competent evidence in the record to sustain Employer's burden of proof because Employer failed to appear at the hearing. Employer appealed to the Board and argued that it had not received notice of the March 20, 1997 hearing. The Board issued an order and memo remanding the case to the referee for a second hearing regarding Employer's nonappearance at the first hearing and on the merits. Although Employer's witnesses and Claimant's attorney appeared at the second hearing, neither Claimant nor Schultz appeared at that hearing.[2] Employer never objected to the absence of Claimant or Schultz from the second hearing.

Based on the evidence presented at the second hearing, the Board found that Employer did not receive notice of the first hearing because the hearing notice contained the wrong address. Because the Board found that Employer did not receive notice, the Board addressed the merits of the case. The Board found that Claimant stopped at the store to pick up keys for another store. The Board further found that when Claimant asked Schultz for the keys, he threw them at her. The Board then found that when Claimant asked Schultz what was wrong, he called her a "bitch" and told her to leave the store. Finally, the Board found that Claimant admitted that she called Schultz "gay" after he yelled at her. Based on these findings, the Board concluded that the competent evidence of record indicated that Schultz started the argument with Claimant by calling her a "bitch." Although the Board stated Claimant used poor judgement, the Board determined that Employer failed to prove that Claimant violated the harassment policy. Thus, the Board found no willful misconduct in violation of Section 402(e) of the Law and granted benefits. Employer now appeals to this Court.[3]

 Under Section 402(e) of the Law, 43 P.S. § 802(e), a claimant who is dis-

---

1. The interview summary not admitted by the referee (non-admitted summary) included references by Claimant to her previous suspension, her personal relationship with Schultz and their falling out that led to the "harassment" incident on January 7, 1997. However, the referee admitted two other interview summaries (admitted summaries) from Claimant that did not mention her previous suspension or her personal relations with Schultz. Instead, the two admitted summaries only mentioned that Schultz threw the keys at Claimant and called her a "bitch." Although Claimant admitted she signed each of the three summaries, only two of the three were admitted into evidence by the referee.

2. We note that neither the referee nor the Board issued subpoenas for the appearance of Claimant or Schultz at the second hearing. Moreover, there is no evidence that either party requested subpoenas.

3. Our scope of review is to determine whether there has been a constitutional violation or an error of law and whether necessary findings of fact are supported by substantial evidence. 2 Pa.C.S. § 704.

charged for willful misconduct connected to his or her work is ineligible for unemployment compensation. The employer bears the burden of proving willful misconduct. *Jordon v. Unemployment Compensation Board of Review,* 684 A.2d 1096 (Pa.Cmwlth.1996). Although the Law does not define willful misconduct, this Court has defined it as: (1) a wanton and willful disregard of an employer's interests, (2) a deliberate violation of an employer's rules, (3) a disregard of standards of behavior that an employer may rightfully expect from an employee, or (4) negligence indicating an intentional disregard of the employer's interests or an employee's duties or obligations. *County of Luzerne v. Unemployment Compensation Board of Review,* 148 Pa.Cmwlth. 473, 611 A.2d 1335 (1992). In cases where the employer alleges a deliberate violation of a work-rule, the employer must prove the existence of the rule or policy and its violation. *Cassatt v. Unemployment Compensation Board of Review,* 164 Pa. Cmwlth. 357, 642 A.2d 657 (1994). Whether the employee's actions rise to the level of willful misconduct is a question of law subject to this Court's review. *Flores v. Unemployment Compensation Board of Review,* 686 A.2d 66 (Pa.Cmwlth.1996).

Employer first argues that it introduced substantial evidence to make out a prima facie case of willful misconduct and the Board's conclusion to the contrary was an error of law. In support, Employer contends that the Board ignored two critical aspects of this case that established its prima facie case. First, the Board allegedly overlooked evidence of a personal relationship between Claimant and Schultz that turned sour and led to the incident on January 7, 1997. Second, Employer asserts that the Board ignored the fact that Claimant was previously involved in a romantic relationship with a different coworker that also soured and led to an incident at work similar to the January 7, 1997 incident. When these critical facts

are added to the Board's findings, Employer contends that it clearly established a prima facie case of willful misconduct against Claimant.

■ Employer's arguments ignore the fact that the Board is the ultimate fact-finder in unemployment compensation cases and is empowered to resolve conflicts in the evidence, to determine the credibility of witnesses, and to determine the weight to be accorded to the evidence. *Jordon.* In this case, the Board found that Schultz threw the keys at Claimant and then called her a "bitch." The Board found that Claimant then responded by calling Schultz "gay." Based on these facts, the Board concluded that Schultz started the fight with Claimant and, therefore, Claimant did not harass a coworker in violation of Employer's policy.

The record does contain Claimant's admissions that she went to the store to ask Schultz why he did not want to see her anymore. However, the record also contains Claimant's statements that Schultz started the argument, threw the keys at her, called her a "bitch," and chased her out of the store. Even if Claimant admitted that she went to the store on January 7 to get the keys as well as to confront Schultz about their personal relationship, the Board was not required to find that Claimant harassed Schultz.[4] Moreover, the Board was not required to find that Claimant harassed Schultz simply because Claimant committed a similar offense in the past. Although these facts may lend support to a conclusion contrary to that reached by the Board, we cannot second-guess the Board's conclusion that Mr. Schultz, not Claimant, started the fight. Indeed, our review of the testimony of Employer's witnesses reveals evidence to support Claimant's statements that Schultz started the fight.

4. Employer contends that the non-admitted summary, which Claimant admitted signing at the first hearing, clearly shows that Claimant and Schultz were seeing each other on a personal basis and that Claimant was upset because Schultz no longer wanted to speak to her. Employer argues the referee erred by not admitting this statement into evidence. However, Employ-

er did not seek to introduce Claimant's non-admitted summary at the second hearing, nor did Employer object at the second hearing to the exclusion of the statement at the first hearing. Thus, Employer cannot now argue on appeal that the non-admitted summary should have been admitted into the record.

Karen Krawchick, the store manager who was in the back of the store on January 7, 1997, testified that she heard what Schultz said but did not hear Claimant. In her written statement of the incident she stated that she heard Schultz yelling and calling Claimant a "bitch." Moreover, Jeff Taylor testified to his investigation of the incident. In his testimony, Mr. Taylor stated that Claimant and Schultz had a personal relationship that turned sour and Claimant went to the store to get the keys and to confront Schultz. Mr. Taylor also testified that Schultz threw the keys at Claimant and told her to leave when she asked him what was wrong. The testimony of these two witnesses, along with Claimant's two admitted summaries, supports the Board's finding that Schultz started the fight. The evidence does not clearly show that Claimant started harassing Schultz at his job as Employer contends.

■ Employer also argues that the Board's limited findings of fact rest solely on Claimant's two admitted summaries from the first hearing, which are inadmissible hearsay statements that cannot support the Board's findings. In *Walker v. Unemployment Compensation Board of Review*, 27 Pa. Cmwlth. 522, 367 A.2d 366 (1976), this Court stated that hearsay evidence, properly objected to, is not competent evidence to support a finding of the Board. However, hearsay evidence admitted without objection will be given its natural probative effect and may support a finding of the Board if it is corroborated by any competent evidence in the record, but a finding of fact based solely on hearsay will not stand. *Id.* Employer contends that Claimant's two admitted statements were not corroborated by any competent evidence, and even if there were some competent evidence, such findings should be given no probative value in light of the procedural manner in which Claimant's statements were admitted to the record at the first hearing.

We need not determine whether the two summaries of Claimant's interview with OES

were admissible as exceptions to the hearsay rule or as non-hearsay. In the instant case, Claimant's two summaries were admitted at the first hearing without objection because Employer was not present. At the second hearing, Employer had the opportunity to object to the documents that were admitted at the first hearing but did not object. Employer's argument that it could not object to the admission of the two admitted summaries because it was not present at the first hearing fails to account for the fact that Employer did attend the second hearing. At the second hearing, Employer did not object to any of the evidence admitted at the first hearing, nor did Employer ask the referee for additional time to review the transcript and documents of the first hearing so that any objections could be made prior to the close of the record. Thus, even if the two admitted summaries were hearsay, such statements were admitted without objection.

Under the *Walker* rule, those summaries may support the Board's findings if corroborated by competent evidence in the record. As already discussed, the testimony of Employer's witnesses corroborated Claimant's statements in the two admitted summaries. If Claimant's two admitted summaries and the testimony of Employer's witnesses are not considered competent evidence due to the presence of inadmissible hearsay,[5] then there is no other evidence in the record on which the Board could have based a finding of willful misconduct in this case.

Employer's final argument is that the Board improperly ordered a continuation of the first hearing rather than a de novo hearing. Because the Board did not order a de novo hearing on the merits, Employer argues that Claimant's hearsay statements were admitted at the first hearing without objection because Employer never received notice. In support, Employer relies on 34 Pa.Code § 101.24, which provides that a party who misses a scheduled hearing may request in writing that the hearing be reopened. If the party can show "proper cause" for his or her failure to appear at the hearing, the case will

5. Mr. Taylor's testimony was based primarily on what Claimant and Schultz told Mr. Taylor or the district supervisor, Deb Checca.

be remanded and a "new hearing" scheduled. 34 Pa.Code § 101.24(c). Although there is no case law interpreting the phrase "new hearing" as used in Section 101.24(c), Employer contends that common sense and fairness require a hearing de novo.

First, Employer cites no authority for the proposition that a reopened hearing under Section 101.24 be de novo rather than a continuation of the initial hearing with the receipt of new or additional evidence. Second, Employer's argument under Section 101.24(c) assumes that the Board treated its appeal letter as a request to reopen the initial hearing. Although the Board directed the referee to take testimony on whether Employer had "proper cause" for its failure to appear at the first hearing, the Board issued its remand order pursuant to 34 Pa. Code § 101.104. If Employer showed proper cause, the Board directed that new or additional evidence on the merits could then be presented. Under Section 101.104(d), the Board has the authority to remand to the referee for a further hearing where the parties may present additional evidence "as may be pertinent and material to a proper conclusion of the case." Section 101.104 does not require a de novo hearing. This Court has often recognized that the Board has wide latitude under Section 101.104 to order a remand hearing. *Clowney v. Unemployment Compensation Board of Review*, 54 Pa. Cmwlth. 382, 421 A.2d 515 (1980). Based on the applicable regulations, the Board was not required to order a de novo hearing.

Finally, we find it significant that the Board gave Employer an opportunity at the second hearing to address the merits by presenting the testimony of witnesses and by objecting to any evidence presented at either hearing. The Board's order did not place limitations upon Employer's right to subpoena witnesses, including Claimant or Schultz if Employer so desired, or object to the evidence. In light of the evidence presented at the hearings in this case, the Board's decision to grant benefits will not be disturbed.

Accordingly, the Board's decision granting benefits to Claimant is affirmed.

*ORDER*

AND NOW, this 28th day of January, 1998, the order of the Unemployment Compensation board of Review, granting benefits to Ann J. Brackus, is hereby affirmed.

KELLEY, J., concurs in the result only.