IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Jacqueline Krotz,                          :
                          Petitioner       :
                                           :
              v.                           :
                                           :
Unemployment Compensation                  :
Board of Review,                           :    No. 200 C.D. 2016
                          Respondent       :    Submitted: July 15, 2016


BEFORE:    HONORABLE ROBERT SIMPSON, Judge
           HONORABLE ANNE E. COVEY, Judge
           HONORABLE BONNIE BRIGANCE LEADBETTER, Senior Judge


OPINION NOT REPORTED

MEMORANDUM OPINION BY
JUDGE COVEY                                FILED: October 19, 2016


Jacqueline Krotz (Claimant) petitions this Court for review of the Unemployment Compensation (UC) Board of Review's (UCBR) January 12, 2016 order affirming the Referee's decision denying her UC benefits under Section 402(e) of the UC Law (Law).[1]  Claimant presents two issues for this Court's review: (1) whether the UCBR erred by determining that Claimant engaged in willful misconduct by finding that Claimant deliberately refused to comply with Ginger Bread House Daycare's (Employer) rule or policy; and (2) whether the UCBR erred by finding that Claimant acted below the standard of behavior that Employer had a right to expect.[2]  After review, we affirm.

_____

[1] Act of December 5, 1936, Second Ex.Sess., P.L. (1937) 2897, *as amended*, 43 P.S. § 802(e) (referring to willful misconduct).

[2] Claimant's Statement of the Question(s) Involved contains four issues:

> I. Whether the [UCBR] committed an error of law in determining that [Claimant] engaged in willful misconduct in connection with her separation from employment[;]

Claimant was employed as a full-time teacher's assistant from October 2014 through September 3, 2015. Employer has a policy prohibiting employees from causing physical harm to a child. Violation of this policy is grounds for disciplinary action up to and including discharge. Claimant was aware of that policy.

On September 3, 2015, Claimant and another teacher's assistant were giving the children snacks in their highchairs. Claimant began taking the highchairs' trays off and directing the children to step out of the highchairs. A 20-month-old child (the Child), was not able to get out of her highchair on her own, so Claimant lifted the Child by her arm and put her on the floor. Although the Child remained on the floor for several minutes while the other children were playing, Claimant ignored her and continued cleaning the highchairs. The Child eventually approached Claimant, and Claimant examined her arm, however, Claimant returned to cleaning the highchairs. The Child walked to a play mat in the center of the floor holding her arm. The Child was alone, resting against the play mat for several minutes. Thereafter, Claimant again examined the Child's arm. Claimant eventually took the Child to the front office and the manager called an ambulance. The Child was taken to St. Mary's Hospital and then was transferred to The Children's Hospital of Philadelphia for "a dislocated arm." Reproduced Record (R.R.) at 8A. Employer discharged Claimant for violating its policy against causing physical harm to a child.

----

. . . .
II. Whether the [UCBR] committed an error of law in finding that [Claimant] deliberately refused to comply with [] [E]mployer's rule or policy[;]
. . . .
III. Whether [E]mployer[']s work rule was reasonable[;]
. . . .
IV. Whether the [UCBR] committed an error of law in finding that [Claimant] acted below the standard of behavior that [E]mployer had a right to expect[.]

Claimant Br. at 2-3. Issues one and three are subsumed within issue one and will be addressed accordingly.

2

Claimant applied for UC benefits. On September 24, 2015, the UC Service Center found Claimant ineligible for benefits under Section 402(e) of the Law. Claimant appealed and a Referee hearing was held. On October 23, 2015, the Referee affirmed the UC Service Center's determination. Claimant appealed to the UCBR. On January 12, 2016, the UCBR affirmed the Referee's decision. Claimant appealed to this Court.[3]

Claimant first argues that the UCBR erred by determining that Claimant engaged in willful misconduct because she did not deliberately violate Employer's work rule or policy. We disagree. Initially,

> Section 402(e) of the Law provides that an employee is ineligible for unemployment compensation benefits when his unemployment is due to discharge from work for willful misconduct connected to his work. The employer bears the burden of proving willful misconduct in an unemployment compensation case. Willful misconduct has been defined as (1) an act of wanton or willful disregard of the employer's interest; (2) a deliberate violation of the employer's rules; (3) a disregard of standards of behavior which the employer has a right to expect of an employee; or (4) negligence indicating an intentional disregard of the employer's interest or a disregard of the employee's duties and obligations to the employer.

*Dep't of Transp. v. Unemployment Comp. Bd. of Review*, 755 A.2d 744, 747-48 n.4 (Pa. Cmwlth. 2000) (citation omitted). "When an employee is discharged for violating a work rule, the employer must prove the existence of the rule and the fact of its violation." *Lewis v. Unemployment Comp. Bd. of Review*, 42 A.3d 375, 377 (Pa. Cmwlth. 2012). "Once the employer has met its initial burden, the burden then

---

[3] "Our scope of review is limited to determining whether constitutional rights were violated, whether an error of law was committed, or whether the findings of fact were unsupported by substantial evidence. Section 704 of the Administrative Agency Law, 2 Pa.C.S. § 704." *Turgeon v. Unemployment Comp. Bd. of Review*, 64 A.3d 729, 731 n.3 (Pa. Cmwlth. 2013).

3

shifts to the claimant to show either that the rule is unreasonable or that claimant had good cause for violating the rule." *Cnty. of Luzerne v. Unemployment Comp. Bd. of Review*, 611 A.2d 1335, 1338 (Pa. Cmwlth. 1992).

Here, Claimant stipulated that she was aware of the policy prohibiting harm to a child. *See* R.R. at 10A. Claimant admitted that she "lift[ed] the [C]hild incorrectly." R.R. at 17A. Claimant further explained that she "should've lifted [the Child] with two arms—with two hands." *Id.* Moreover, it is undisputed that as a result thereof, the Child was taken by ambulance to St. Mary's Hospital and then transferred to The Children's Hospital of Philadelphia for "a dislocated arm." R.R. at 8A. Finally, Claimant did not establish that the policy was unreasonable or that she had good cause to violate it.

Claimant acknowledged that she improperly picked the Child up by one arm, and that she was aware of the proper method to lift a child. Claimant failed to use the proper method to lift the Child from the highchair, which resulted in an injury. Thus, Claimant's argument that her actions were not an intentional violation of Employer's policy prohibiting harm must fail. If Claimant had used the proper procedure to lift the Child from the highchair, Claimant would not have harmed the Child. Accordingly, the UCBR properly determined that Claimant committed willful misconduct by violating Employer's work rule or policy.

Claimant next contends that the UCBR erred by determining that Claimant engaged in willful misconduct by disregarding the standard of behavior that Employer had the right to expect of her because she "did not realize that the [C]hild was injured" since "the [C]hild was not crying and there was no indication that the [C]hild was hurt initially." Claimant Br. at 11.

4

The law is well established that:

> [T]he [UCBR] is the ultimate fact-finder in unemployment compensation matters and is empowered to resolve all conflicts in evidence, witness credibility, and weight accorded the evidence. It is irrelevant whether the record contains evidence to support findings other than those made by the fact-finder; the critical inquiry is whether there is evidence to support the findings actually made. Where substantial evidence supports the [UCBR's] findings, they are conclusive on appeal.

*Ductmate Indus., Inc. v. Unemployment Comp. Bd. of Review*, 949 A.2d 338, 342 (Pa. Cmwlth. 2008) (citations omitted). This Court has explained:

> Substantial evidence is relevant evidence upon which a reasonable mind could base a conclusion. In deciding whether there is substantial evidence to support the [UCBR's] findings, this Court must examine the testimony in the light most favorable to the prevailing party, in this case, [] Employer, giving that party the benefit of any inferences which can logically and reasonably be drawn from the evidence.

*Sanders v. Unemployment Comp. Bd. of Review*, 739 A.2d 616, 618 (Pa. Cmwlth. 1999).

Here, the UCBR found as a fact that after Claimant lifted the Child by her arm and placed her on the floor, "[C]laimant ignored the [C]hild and continued to clean the high[]chairs." R.R. at 38A, Finding of Fact 8. The UCBR opined that, although "[C]laimant asserted the [C]hild did not appear to be injured when she initially put her on the floor[,] [E]mployer's witness contended the [C]hild was crying and was clearly injured[.]" R.R. at 39A. "The [UCBR] reviewed the video surveillance and [found E]mployer more credible." *Id.*

Given the facts as found by the UCBR, and viewing the evidence in the light most favorable to Employer, as we must, we find that substantial evidence

supports the UCBR's holding that Claimant committed willful misconduct by disregarding the standard of behavior that Employer had the right to expect of her.

For all of the above reasons, the UCBR's order is affirmed.

_____
ANNE E. COVEY, Judge

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Jacqueline Krotz,                         :
                    Petitioner                  :
                                      :
               v.                          :
                                        :
Unemployment Compensation                 :
Board of Review,                          :        No. 200 C.D. 2016
                    Respondent                 :

## O R D E R

AND NOW, this 19th day of October, 2016, the Unemployment Compensation Board of Review's January 12, 2016 order is affirmed.

                                             _____
                                             ANNE E. COVEY, Judge