168

543 A.2d 598

Nathaniel McKinney, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Submitted on briefs February 4, 1988, to Judges CRAIG and PALLADINO, and Senior Judge BARBIERI, sitting as a panel of three.

*Michael Goldberg, Central Pennsylvania Legal Services,* for petitioner.

No appearance for respondent.

*Jeffrey Ivan Pasek, Cohen, Shapiro, Polisher, Shiekman & Cohen,* for intervenor, Yellow Freight System, Inc.

OPINION BY SENIOR JUDGE BARBIERI, June 17, 1988:

Nathaniel McKinney (Claimant) appeals an order of the Unemployment Compensation Board of Review (Board) denying him benefits pursuant to Section 402(e) of the Unemployment Compensation Law,[1] on the grounds he had been terminated for willful misconduct.

Claimant was employed by Yellow Freight System, Inc. (Employer) for thirteen years. On April 4, 1986, Employer's linehaul manager noticed that Claimant's speech was slurred and that Claimant was "floating around the office kidding around with people" at the time when he should have been working. The Employer had a policy prohibiting employees from being under the influence of alcohol or drugs at work. Claimant agreed to submit to both a blood and urine test for alcohol on April 4, 1986, and was discharged in light of the test results.

---

[1] Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended,* 43 P.S. §802(e).

Claimant applied for Unemployment Compensation benefits. On the Summary of Interview sheet, Claimant stated that he was asked to submit to a blood and urine test and that "[t]he tests were positive." The Office of Employment Security denied benefits on account of willful misconduct. On appeal, the referee reversed, holding there was no competent record evidence that Claimant was under the influence of alcohol on April 4, 1986.

At the hearing before the referee, the Employer had attempted to introduce a report from DrugScan, Inc. which contained the results of the blood and urine tests. Counsel for Claimant objected to the admission of the report and the referee sustained the objection on the basis that the report was hearsay.[2] The Employer did not produce any other medical evidence to show Claimant was intoxicated on April 4, 1986, and Claimant denied that he was.

The Board initially affirmed the referee's decision to grant benefits in a decision dated July 25, 1986. The Employer requested that the Board grant reconsideration and permit it to submit additional evidence at a remand hearing. By order dated August 22, 1986, the Board vacated its initial decision. On January 30, 1987, after hearing oral argument, the Board entered an order reversing the referee and denying benefits. This appeal followed.

Claimant contends that the Board erred in concluding that the Employer had met its burden of proving Claimant was guilty of willful misconduct and improperly granted reconsideration. Pursuant to Section 704 of the Administrative Agency Law, 2 Pa. C. S. §704, our

---

[2] In order to avoid a future remand, the referee directed that the report from DrugScan, Inc. was to be made part of the record but sustained Claimant's objection to the report as hearsay.

scope of review is limited to determining whether there has been a violation of constitutional rights, an error of law has been committed, or whether the findings of fact are supported by substantial evidence. *Kirkwood v. Unemployment Compensation Board of Review,* 106 Pa. Commonwealth Ct. 92, 525 A.2d 841 (1987).

We agree that the Board erred in finding that there was substantial evidence to support a conclusion of willful misconduct. The Board's decision on reconsideration states that the linehaul manager's personal observations of Claimant and Claimant's admission on the Summary of Interview sheet that the tests were positive, establish that Claimant was under the influence of alcohol on April 4, 1986. The Board further states that the hearsay report of the test results "merely buttresses the other competent evidence of record."

Although Claimant admits on the Summary of Interview sheet that the tests were positive, he goes on to question the validity of the test results, maintaining that he was "set up". As Claimant is contesting the validity of the test, his statement that they were positive cannot be used as an admission supporting a finding that he was under the influence of alcohol on April 4, 1986.

The linehaul manager testified that Claimant's mannerisms led him to believe "there was a problem physically."[3] He later added that he "felt it was a drug related problem."[4] Claimant's statement in the Summary of Interview sheet coupled with the linehaul manager's observations do not constitute substantial evidence to support a finding that Claimant was under the influence of alcohol in violation of the Employer's rule.

---

[3] Notes of Testimony from May 8, 1986, referee's hearing (N.T.) at 6.

[4] N.T. at 9.

The only other evidence which could support such a finding is the report from DrugScan, Inc. which was objected to and properly ruled to be inadmissible hearsay. As we stated in *Walker v. Unemployment Compensation Board of Review*, 27 Pa. Commonwealth Ct. 522, 367 A.2d 366 (1976), properly objected to hearsay is not competent evidence which will support a finding by the Board.

The Employer's rule prohibiting employees from being under the influence of drugs or alcohol while on duty is undoubtedly reasonable but the Employer bears the burden of proving willful misconduct on the part of Claimant. *American Process Lettering, Inc. v. Unemployment Compensation Board of Review*, 50 Pa. Commonwealth Ct. 272, 412 A.2d 1123 (1980). This burden could have easily been met if the Employer had presented competent testimony as to the results of Claimant's blood and urine tests. However, the Employer failed to present any competent evidence which would support the Board's finding. Accordingly, we are constrained to reverse the order of the Board denying benefits.[5]

## ORDER

AND NOW, this 17th day of June, 1988, the order of the Unemployment Compensation Board of Review at Decision No. B-251237-B, dated January 30, 1987, denying benefits to Nathaniel McKinney is reversed.

Judge PALLADINO dissents.

---

[5] In light of this result, we need not address the issue of whether the Board lacked good cause to grant reconsideration.