570 A.2d 1096

**Render BRUNSON, Petitioner,**

v.

**COMMONWEALTH of Pennsylvania, UNEMPLOYMENT COMPENSATION BOARD OF REVIEW, Respondent.**

Commonwealth Court of Pennsylvania.

Argued Dec. 12, 1989.

Decided Feb. 22, 1990.

Andrew F. Erba, Philadelphia, for petitioner.

John E. Herzog, Asst. Counsel, with him, Clifford F. Blaze, Deputy Chief Counsel, for respondent.

Before CRAIG and SMITH, JJ., and BARBIERI, Senior Judge.

SMITH, Judge.

Render Brunson (Claimant) seeks review of a decision of the Unemployment Compensation Board of Review (Board) which determined that Claimant was ineligible for benefits pursuant to Section 402(e) of the Unemployment Compensation Law (Law).[1] The Board's decision is affirmed.

Claimant was employed by SEPTA (Employer) as a cashier from August 14, 1981 through August 8, 1988 on which date Claimant sustained a work-related injury and was out of work for approximately seven weeks. On September 22, 1988, Claimant reported to SEPTA's medical facility for the customary physical examination to obtain clearance to return to work. N.T., pp. 36–37. Since Claimant's discharge in January, 1988 [2] for violation of Employer's Industrial Relations Department Order No. 85–1–CID (Order 85–1) which prohibits SEPTA employees from being under the influence of intoxicants or controlled substances, Claimant was subject to unannounced follow-up testing for a period of six months. Employer Exhibit No. 6. Thus, Claimant was given the normal physical examination as well as a urine and blood test to determine if any drugs were present in his system. The urine test revealed a positive cocaine

---

1. Act of December 5, 1936, Second Ex.Sess., P.L. (1937) 2897, *as amended,* 43 P.S. § 802(e).

2. Claimant was reinstated in June, 1988 pursuant to an arbitration agreement between Employer and the Union.

metabolite resulting in Claimant's discharge on September 29, 1988.

. Claimant filed for benefits with the local Office of Employment Security (OES) which determined that Claimant was ineligible for benefits in accordance with Section 402(e) since he tested positive for a body fluids test in violation of Order 85–1. The referee and Board affirmed OES' determination.

Claimant raises several issues for this Court to address: whether Claimant was sent for a urinalysis in violation of a federal district court order which found Employer's return-to work examination to be unconstitutional; whether Employer established a proper chain of custody for the urine sample taken from Claimant to allow for admissibility of the urinalysis report; whether the laboratory report was improperly admitted under the business records exception to hearsay; whether Order 85–1 applied to Claimant, an inactive employee; and whether the Board properly concluded that Claimant's acts amounted to willful misconduct when there was no evidence of impairment nor any preconditions to reinstatement from an injury. These issues will be addressed *seriatim*.[3]

■ Initially, Claimant argues that a return-to-work physical examination which includes a urinalysis examination was declared unconstitutional in *Transport Workers Union of Philadelphia, Local 234 v. Southeastern Pennsylvania Transportation Authority*, 678 F.Supp. 543 (E.D. Pa.1988), *affirmed*, 863 F.2d 1110 (3d Cir.1988). Although it is true that Employer's return-to-work examination was declared unconstitutional, this decision was ultimately overturned by the U.S. Supreme Court in *Southeastern Pennsylvania Transportation Authority v. Transport Workers' Union of Philadelphia, Local 234*, —— U.S. ——, 109

---

**3.** This Court's scope of review is limited to a determination of whether necessary findings of fact are supported by substantial evidence, whether an error of law was committed, or whether any of the Claimant's constitutional rights have been violated. *Fernacz v. Unemployment Compensation Board of Review*, 118 Pa.Commonwealth Ct. 602, 545 A.2d 995 (1988).

S.Ct. 3208, 106 L.Ed.2d 560 (1989) in light of its recent decision in *Skinner v. Railway Labor Executives' Association*, 489 U.S. 602, 109 S.Ct. 1402, 103 L.Ed.2d 639 (1989) which upheld the Federal Railroad Administrations's safety regulations mandating or authorizing alcohol and drug tests of employees without warrants or individualized suspicion as nonviolative of the Fourth Amendment. Accordingly, this Court finds no constitutional violation. Furthermore, Claimant was subject to the terms of the arbitration agreement entered into by the Union which required Claimant to submit to unannounced follow-up testing for six months beginning May 31, 1988. Clearly, Employer acted in accordance with the law as well as the arbitration agreement which entitled Employer to test Claimant in September, 1988.

■ Claimant contends that Employer failed to establish a chain of custody of the urine sample taken from Claimant. The basis of this claim is that since Dr. Earley, the toxicologist who supervised urine testing, did not personally participate in the transfer of the sample from SEPTA's medical facility to Smith–Kline's laboratory nor did the person who actually received the sample testify at hearing, Employer did not prove a chain of custody. Claimant therefore argues that his objection to any evidence pertaining to what occurred between sealing of the urine sample by the laboratory technician who administered the test and Smith–Kline's issuance of the laboratory report should have been sustained and the evidence excluded.

The laboratory technician, Ms. Ross, described in detail the procedure followed when she collected the urine sample from Claimant. N.T., pp. 4–7. Claimant signed a chain of custody form which states that everything was done in proper order and that the chain of custody was true. Employer Exhibit No. 7. Dr. Earley also explicitly testified as to the procedures Smith–Kline follows when a urine sample reaches the facility. N.T., pp. 7–13. Although Claimant questions the time gap between when the sample was picked up and the time it reached the Smith–Kline labo-

ratory, this Court has repeatedly held that "[g]aps in the chain of custody go to the weight to be given the testimony, not to its admissibility." *Wise v. Pennsylvania State Horse Racing Commission*, 100 Pa.Commonwealth Ct. 205, 211, 514 A.2d 308, 311 (1986). Since the Board as arbiter of the weight and credibility of evidence accepted Employer's testimony concerning the chain of custody as sufficient, this Court will not disturb its decision.

▌ Next Claimant asserts that the laboratory report which contained the test results showing urinary cocaine metabolite, Employer Exhibit No. 9, was hearsay and inadmissible under the Uniform Business Records As Evidence Act (Act), 42 Pa. C.S. § 6108(b), since Dr. Earley failed to authenticate it. Claimant contends that since Dr. Earley did not prepare the report and did not participate in nor supervise the testing, the report should not have been admitted. This Court is not persuaded by Claimant's argument as the Act clearly states that custodian of the record need not testify as long as a qualified witness testifies to identity of the report and the mode of its preparation. As indicated, Dr. Earley testified exhaustively regarding the testing procedure, and inasmuch as he was qualified to testify concerning identity of the report and its mode of preparation, the report was competent evidence and not excludable as hearsay.

▌ Claimant further argues that regardless of the arguments presented, Order 85–1 does not apply since he was on inactive status and not on duty nor subject to duty, and therefore he was improperly discharged. Employer cites the language of Order 85–1 which prohibits the presence of intoxicants and/or controlled substances in employees on SEPTA property. Clearly, Claimant violated the Order when he arrived at SEPTA's medical facility with cocaine in his urine. This same argument was raised and rejected in *Shaw v. Unemployment Compensation Board of Review*, 115 Pa.Commonwealth Ct. 61, 539 A.2d 1383 (1988).

■ Lastly, Claimant argues that since Employer submitted no evidence of job impairment nor preconditions for reinstatement from an injury, the Employer failed to meet its burden of proof. This argument lacks merit for several reasons. Evidence of job impairment is unnecessary when Claimant is discharged for violation of a company rule or policy. As long as there is sufficient evidence to establish a reasonable work rule and violation of that rule, Employer has met its burden. *Spirnak v. Unemployment Compensation Board of Review*, 125 Pa.Commonwealth Ct. 354, 557 A.2d 451 (1989). Clearly, there is sufficient evidence of record to support the conclusion of willful misconduct. *Kentucky Fried Chicken of Altoona, Inc. v. Unemployment Compensation Board of Review*, 10 Pa.Commonwealth Ct. 90, 309 A.2d 165 (1973). Employer need not submit evidence of any preconditions to meet its burden as the established procedure upon returning to work from an injury is a physical examination without any drug screening. Claimant, however, was already subject to special conditions pursuant to the arbitration agreement, and Employer acted in accordance with that agreement in testing Claimant for intoxicants or controlled substances.

Accordingly, this Court affirms the decision of the Board as it is in conformity with the Law.

### ORDER

AND NOW, this 22nd day of February, 1990, the decision of the Unemployment Compensation Board of Review is affirmed.