**Antoine WESLEY, Petitioner,**

v.

**UNEMPLOYMENT COMPENSATION BOARD OF REVIEW,**
**Respondent.**

Commonwealth Court of Pennsylvania.

Submitted April 19, 1996.
Decided Feb. 4, 1997.

Andrew F. Erba, Philadelphia, for petitioner.

Linda S. Lloyd, Assistant Counsel, and Clifford F. Blaze, Deputy Chief Counsel, Harrisburg, for respondent.

Before DOYLE and FLAHERTY, JJ., and LORD, Senior Judge.

FLAHERTY, Judge.

Antoine Wesley (Claimant) petitions for review of an order of the Unemployment Compensation Board of Review (Board) which reversed the decision of a referee and denied benefits to Claimant due to a finding of wilful misconduct under Section 402(e) of Unemployment Compensation Law (Law).[1]

The Board's findings of fact in this case are as follows:

1. Claimant was last employed as a train operator by SEPTA at a final rate of $16.13 an hour and his last day of work was March 15, 1995.

2. The employer has a policy, Section 1203 on Drug and Alcohol Testing, which provides, in part, that an authority for the employer may require an employee to submit to drug and alcohol testing on a reasonable suspicion basis when a supervisor trained in a detection of drug and alcohol use can articulate and substantiate specific behavioral, performance, or contemporaneous physical indicators of probable drug or alcohol use. Such indicators include behavior or actions which differ from normal behavior or actions under the circumstances, inappropriate or disoriented behavior and incidents involving serious violations of safety or operating rules and practices.

3. During the weekend preceding March 6, 1995, the claimant attended a ski trip during which he last drank alcohol at approximately 10 p.m. on the evening of March 5, 1995.

1. Act of December 5, 1936, Second Ex.Sess., P.L. (1937) 2897, *as amended,* 43 P.S. § 802(e).

4. The claimant was scheduled to next report for work on March 6, 1995 at 7:30 a.m. and did so as required without incident.

5. The claimant entered the employer's booth to retrieve some work equipment as commonly practiced, doing so in accordance with his normal behavior, and immediately exited thereafter.

6. The supervisor immediately summoned the claimant to return to his office, and placed him out of duty, because alcohol was smelled when he entered the room.

7. The claimant submitted to a body fluids test as requested by the supervisor under the employer's reasonable suspicion policy.

8. The claimant was also required to take a breathalyzer test, and did so as requested.

9. The claimant alleged that the breathalyzer was not working properly.

10. The breathalyzer was properly working as the technician administering the test explained.

11. The claimant was subsequently discharged on March 15, 1995 because the breathalyzer test showed a positive reading for alcohol in violation of the employer's policy which is cause for immediate discharge.

▉▉▉ On appeal [2], Claimant contends that the Board erred in relying upon the results of the breathalyzer as Employer failed to qualify the laboratory technician as an expert. Claimant also alleges that Employer

failed to prove that the breathalyzer was properly calibrated.[3]

▉▉▉ Initially, Claimant contends that the report which contained the test results showing a positive result for alcohol was hearsay and inadmissible under the Uniform Business Records as Evidence Act (Act), 42 Pa.C.S. § 6108(b)[4] because the laboratory technician was not an "expert". We disagree. The laboratory technician, who administered the test, detailed the procedure. She testified concerning the different tests she administered, the procedure she used, the results of the breathalyzer test and whether the machine was calibrated and in proper working order. (N.T. at 7, 8, 10, 22, 24.) Although Claimant argues that she was not an "expert" and that her testimony and the evidence should therefore be excluded, the Act does not require that the witness be an "expert" only that the witness be qualified. *Brunson v. Unemployment Compensation Board of Review*, 131 Pa.Cmwlth. 462, 570 A.2d 1096 (1990) *petition for allowance of appeal denied*, 527 Pa. 603, 589 A.2d 693 (1990). Here, the laboratory technician, who administered the tests, properly testified regarding the procedure used and the results thereof.

▉▉▉ Additionally, Claimant takes issue with whether the breathalyzer machine was properly calibrated. Although Claimant cites to many criminal cases for the proposition that, documentary evidence is necessary, this court has held that in a civil license suspension case, the testimony of the administrator of the test that the machine had been calibrated is sufficient to prove the machine

2. Our standard of review is limited to determining whether constitutional rights have been violated, an error of law committed or whether necessary findings of fact are supported by substantial evidence. *Kirkwood v. Unemployment Compensation Board of Review*, 106 Pa.Cmwlth. 92, 525 A.2d 841 (1987).

3. Although the Board maintains that these issues are waived as Claimant failed to raise any objections to these items at the referee's hearing we will nonetheless address them because the breathalyzer test was Employer's sole evidence tending to prove the truth of Claimant's termination, i.e., a positive alcohol reading. Thus, even if Claimant did not properly object to its

admission, unobjected to hearsay cannot support a finding unless it is corroborated by other competent evidence in the record. *Fritzo v. Unemployment Compensation Board of Review*, 59 Pa. Cmwlth. 268, 429 A.2d 1215 (1981).

4. **General Rule.**—A record of an act, condition or event shall, insofar as relevant, be competent evidence if the custodian or other qualified witness testifies to its identity and the mode of its preparation, and if it was made in the regular course of business at or near the time of the act, condition or event, and if, in the opinion of the tribunal, the sources of information, the method and time of preparation were such as to justify its admission.

was in working order. *Pappas v. Department of Transportation,* 669 A.2d 504 (Pa. Cmwlth.1996). Here, the laboratory technician testified that the machine was calibrated in the morning and the Board found her testimony credible.

Accordingly, as we find no error, the decision of the Board is affirmed.

### ORDER

NOW, February 4, 1997, the order of the Unemployment Compensation Board of Review at Decision No. B–342622, dated October 25, 1995, is affirmed.