Willie ARTIS, Petitioner,

v.

**UNEMPLOYMENT COMPENSATION BOARD OF REVIEW,
Respondent.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs March 7, 1997.

Decided Aug. 25, 1997.

Clarence E. Allen, York, for petitioner.

John L. Senft, York, for intervenor, Alumax Mill Products.

Before SMITH and KELLEY, JJ., and MIRARCHI, Jr., Senior Judge.

MIRARCHI, Jr., Senior Judge.

Willie Artis (Claimant) appeals from an order of the Unemployment Compensation Board of Review (Board) which affirmed a decision of a referee denying him unemployment compensation benefits on the basis of willful misconduct pursuant to Section 402(e) of the Unemployment Compensation Law (Law).[1]

Claimant was employed as a furnace operator by Alumax Mill Products (Employer) for eighteen years. He was discharged by Employer for failing a drug test. He filed an application for unemployment compensation benefits which was denied by the Lancaster County Job Center. He appealed the Job Center's determination and a hearing was held before a referee.

Tony Constantino, Ph.D., director of Forensic Toxicology at American Medical Laboratories, testified that the urine specimen provided by Claimant tested positive for marijuana metabolites. Constantino testified that the concentration of a marijuana metabolite called carboxi acid THC in the urine sample eliminated the possibility of passive inhalation of marijuana except under extreme circumstances. Constantino testified that the chain of custody was completely intact.

Kathy Smith, service center supervisor for American Medical Laboratories in Lancaster, testified as to the procedures followed for the collection of a urine sample for drug testing. Smith testified that after a donor produces a specimen, the collector checks the temperature of the specimen and completes a form that lists, *inter alia,* the location where the specimen was collected and the date and time of the collection. The donor is then requested to initial and date a seal which is placed over the specimen in the donor's presence and the specimen is then sealed into a bag. A chain of custody form is completed and the donor is requested to read a portion of the chain of custody which states that the specimen is his and that it has not been altered in any way. The donor then prints and signs his name. The collector then dates and signs the chain of custody form and signs the specimen over to the chain of custody box. The specimen is sealed inside the box and held in a secure location until a courier takes the specimen to the laboratory in Chantilly, Virginia. Smith testified that Claimant's sample was properly collected under Ameri-

---

1. Act of December 5, 1936, Second Ex.Sess., P.L. (1937) 2897, *as amended,* 43 P.S. § 802(e). Section 402(e) of the Law provides that an employee shall be ineligible for compensation for any week in which his unemployment is due to his discharge or temporary suspension from work for willful misconduct connected with his work.

can Medical Laboratories policies and procedures.

Gene Kurtz, Employer's employee services manager, testified that Employer has a policy of testing for drugs if it has just cause and reasonable suspicion. Kurtz explained that just cause and reasonable suspicion includes excessive absenteeism, on-the-job performance problems, accidents or near-misses or any unusual behavior that is noted by supervision and management. Kurtz testified that the drug testing policy is contained in Employer's handbook of which Claimant was given a copy.

Kurtz testified that in October, 1995, Claimant was involved in an incident which resulted in damages to Employer's materials. On May 29, 1996, Claimant was involved in another incident causing $24,000 worth of damage to Employer's material and equipment. As a result of this incident, Claimant was removed from his position and transferred to another department. On June 5, 1996, Claimant and a furnace helper got into an altercation. A second altercation occurred on June 6, 1996. As a result of Claimant's continued poor performance and the altercations, he was sent for a drug screen. As a result of the drug screen, Claimant was discharged.

Claimant denied that he used drugs. He stated that the evening before the test he had been in a car with his brother and his brother's friends and that they were smoking marijuana at that time.

On August 29, 1996, the referee issued a decision affirming the determination of the Job Center. Claimant appealed to the Board which concluded that Claimant's failure of the drug test in violation of Employer's policy rose to the level of willful misconduct. Claimant now appeals to this Court.

■ On appeal, Claimant argues that Employer failed to prove by substantial evidence that Claimant's actions constituted willful misconduct disqualifying him from receiving unemployment compensation benefits. Our scope of review is limited to determining whether the necessary findings are supported by substantial evidence, whether the Board committed an error of law or whether constitutional rights have been violated. *Preservation Pennsylvania v. Unemployment Compensation Board of Review*, 673 A.2d 1044 (Pa.Cmwlth.1996).

Willful misconduct has been defined as an act of wanton or willful disregard of the employer's interest, a deliberate violation of the employer's rules, a disregard of standards of behavior which the employer has a right to expect of an employee, or negligence indicating an intentional disregard of the employer's interest or of the employee's duties and obligations to the employer. *Myers v. Unemployment Compensation Board of Review*, 533 Pa. 373, 625 A.2d 622 (1993).

■ Whether a claimant's conduct rises to the level of willful misconduct is a question of law reviewable by this Court. *McLean v. Unemployment Compensation Board of Review*, 476 Pa. 617, 383 A.2d 533 (1978). The employer has the burden of proving willful misconduct, and where as here, a rule violation is alleged, the employer has the burden of establishing the existence of the rule and its violation. *Girard Giant Eagle v. Unemployment Compensation Board of Review*, 659 A.2d 60 (Pa.Cmwlth.1995).

In the case before us, Employer at the hearing presented a copy of its substance abuse and contraband policy, which provided that the presence in the body, or reporting to work under the influence of, illegal and unauthorized drugs is strictly prohibited. (Employer's Exhibit No. 3.) The policy further provided that employees found to be in violation of the policy will be subject to disciplinary action "up to and including discharge of employment, depending on the surrounding circumstances and seriousness of the offense." (*Id.*, p. 8.) Employer also presented a form signed by Claimant on May 3, 1988 stating that he had received a copy of the substance abuse and contraband policy. (Employer's Exhibit No. 4.)

■ Claimant contends that Employer failed to prove a violation of its drug policy because it failed to establish a chain of custody for the urine sample. In *Brunson v. Unemployment Compensation Board of Review*, 131 Pa.Cmwlth. 462, 570 A.2d 1096 (1990), *petition for allowance of appeal de-*

*nied,* 527 Pa. 603, 589 A.2d 693 (1990), the claimant argued that the employer failed to establish a chain of custody of the urine sample provided by him. In that case, the laboratory technician described the procedures she followed in collecting the sample from the claimant. The claimant also signed a chain of custody form which stated that everything was done in proper order and that the chain of custody was true. The toxicologist who supervised urine testing at the laboratory testified as to the procedures followed when the urine sample reaches the facility. On appeal, the claimant argued that his objection to any evidence pertaining to what occurred between the sealing of the urine sample by the technician who administered the test and the issuance of the laboratory report should have been sustained and the evidence excluded. This Court stated that "gaps in the chain of custody go to the weight to be given the testimony, not to its admissibility." *Id.* 570 A.2d at 1098, citing *Wise v. Pennsylvania State Horse Racing Commission,* 100 Pa.Cmwlth. 205, 514 A.2d 308, 311 (1986). The Court went on to state that because the Board accepted the employer's testimony concerning the chain of custody as sufficient, it will not disturb the Board's finding on appeal.

In the case before us, Employer presented the testimony of the service center supervisor for American Medical Laboratories in Lancaster who testified as to the procedures followed for the collection of a urine sample for drug testing. Employer also presented a document signed by Claimant which pertinently stated, "by signing this form, I acknowledge the specimen(s) that are labelled with this Request Form No. to be my specimen(s) and that they have been labelled and sealed in my presence." (Drug Testing Custody and Request Form, Employer's Exhibit No. 2.) This form also contained the signatures of the collector at the Lancaster facility and of Liberty Gonzaga, the person who received the sample at the Virginia laboratory. The Board accepted the testimony of Employer's witnesses and the documents provided by Employer as sufficient to establish that the sample followed a secure chain of custody from the time it was provided at the local center until testing was concluded in

Virginia. As in *Brunson,* substantial evidence supports the Board's finding and we will not disturb the Board's determination on this issue.

Claimant further argues that the results of the urine testing should not have been admitted because the person who performed the actual testing did not testify. A similar argument was raised in *Brunson.* There the Court stated that under the Uniform Business Records as Evidence Act, 42 Pa.C.S. § 6108, the testimony of the toxicologist who supervised urine testing was competent evidence where he testified regarding the testing procedures and he was qualified to testify concerning the identity of the report and its mode of preparation. In the case before us, the director of toxicology testified as to the testing procedures and to his review of the results of Claimant's urinalysis test. Under the reasoning of *Brunson,* the testimony of the director of toxicology was competent evidence of the results of the urinalysis.

Claimant next contends that Employer did not follow its testing procedure in that it failed to administer a second test using an alternate type methodology. According to Employer's policy, "[a]ll first-test urine drug positives will be *confirmed* by a second test on that same sample using an alternative (specitivity) type methodology." (Employer's Exhibit No. 3, p. 7, emphasis in original.) According to Constantino's testimony, two tests were performed on the urine provided by Claimant, an initial screening test, done by a technique called Enzyme Immunoassay, and a confirmation test which used a more sensitive method, gas chromatography mass spectrometry. The Board found as a fact that the two tests had been performed and this constitutes substantial evidence that Employer had abided by its drug testing policy.

■ Claimant also contends that Employer discriminated against him by not offering him a referral to a drug rehabilitation program instead of discharging him. Employer's policy states that any employee who tests positive for a prohibited substance *"may* be offered a referral to an approved counseling or rehabilitation program." (Em-

ployer Exhibit No. 3, p. 8, emphasis added.) At the hearing, Employer's employee services manager testified that Claimant was not offered a referral because of his prior performance problems and further testified that one month prior to Claimant's discharge, another employee who had worked as long as Claimant and who had tested positive for drugs on one occasion was discharged without being referred to a drug rehabilitation program. Because Employer's policy is clearly discretionary and no evidence was presented that Employer provided referrals in a discriminatory manner, Claimant's argument is without merit.

Accordingly, the order of the Board is affirmed.

## ORDER

AND NOW, this 25th day of August, 1997, the order of the Unemployment Compensation Board of Review in the above-captioned matter is hereby affirmed.