**Doris A. BROADUS, Petitioner,**

v.

**UNEMPLOYMENT COMPENSATION BOARD OF REVIEW, Respondent.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs Aug. 14, 1998.

Decided Nov. 25, 1998.

John Stember, Pittsburgh, for petitioner.

James K. Bradley, Harrisburg, for respondent.

Before McGINLEY and SMITH, JJ., and McCLOSKEY, Senior Judge.

SMITH, Judge.

Doris A. Broadus (Claimant) appeals from the order of the Unemployment Compensation Board of Review (Board) that reversed the referee's decision granting her unemployment compensation benefits. The Board reasoned that failing a drug test in violation of the "Last Chance Agreement" (Agreement) which Claimant signed with USX Clairton Works (Employer) constituted willful misconduct rendering Claimant ineligible for benefits under Section 402(e) of the Unemployment Compensation Law (Law), Act of December 5, 1936, Second Ex.Sess., P.L. (1937) 2897, *as amended*, 43 P.S. § 802(e) (willful misconduct). Claimant questions whether the Board's order reversing the referee is supported by substantial, competent evidence; whether the laboratory drug test reports should be considered hearsay; and whether Employer's failure to circulate a document used in telephonic testimony renders that testimony inadmissible.

Claimant was employed as a full-time phosam attendant[1] for 23 years; her employment ended on November 6, 1997. Claimant was first suspended in September 1996 after testing positive for cocaine, and as a condition of her reinstatement, Claimant promised under the Agreement entered into in September 1996 that she would abstain from using any drugs or alcohol and would submit to random drug testing by Employer. Employer tested Claimant on two sets of occasions. The first set of tests occurred on July 25 and August 1, 1997 (Test One) and the second set on October 24 and November 6, 1997 (Test Two). Testing was performed by collecting hair samples from Claimant and sending them to Psychemedics Corporation, a laboratory in Culver City, California.

The Test One report was not admitted as an exhibit into the record although reference was made to its negative result; Employer's witnesses principally testified about the Test Two results. Test Two showed that there was cocaine usage. In the October 24, 1997 test the entire length of the hair sample was tested; in the November 6, 1997 test the hair sample was cut into three segments, each of which was tested. According to Employer, the results of the November 6th test were as follows: negative at the one-third segment located closest to Claimant's scalp; insufficient hair to complete a test on the middle one-third segment; and positive at the one-third segment located one inch from Claimant's scalp. Employer presented testimony that hair sample drug tests are based on the

---

1. A phosam attendant monitors pumps and steam spiral heat exchangers.

assumption that human hair grows at a rate of one-half inch per month. On November 6, 1997, Claimant was terminated from her employment because of the test results.

Claimant applied for unemployment compensation benefits on November 30, 1997 at her local Job Center. The Job Center determined that Claimant's behavior constituted willful misconduct and denied her benefits under Section 402(e) of the Law. Claimant filed a timely appeal. In a decision dated January 27, 1998, the referee reversed the Job Center and held that Claimant's behavior did not constitute willful misconduct. The referee found that "[t]esting of the claimant's hair samples in October and November 1997 have [sic] not determined when the claimant ingested cocaine to result in the positive test." Referee's Decision, p. 3. Employer then appealed the referee's decision to the Board which reversed the referee and denied benefits, finding that the laboratory report indicating a positive test result clearly established a violation of Employer's drug policy.[2] The Board found that the "cocaine usage occurred sometime between the approximate sixtieth and ninetieth day preceding November 6, 1997." Board Finding of Fact No. 11.

■■■ Case law defines willful misconduct as behavior evidencing the wanton and willful disregard of an employer's interest, the deliberate violation of rules, the disregard of standards of behavior which an employer can rightfully expect from an employee, negligence which manifests culpability, wrongful intent, evil design or intentional disregard for the employer's interest or the employee's duties or obligations. *Carson v. Unemployment Compensation Board of Review*, 711 A.2d 582 (Pa.Cmwlth.1998). The employer bears the burden of proving that the employee's behavior constituted willful misconduct. *Luzerne v. Unemployment Compensation Board of Review*, 148 Pa.Cmwlth. 473, 611 A.2d 1335 (1992).

(a)

■■■ Claimant chiefly argues that the Board's decision is not supported by substantial evidence. She maintains that there is no competent evidence describing the chain of custody for the hair samples analyzed in Test Two and that Employer, therefore, cannot establish an essential element of its case. Claimant directs the Court's attention to the testimony of Employer's witness, Dr. Donald Kippenberger, that he had no direct knowledge about the chain of custody before the hair sample came to the laboratory or about the chain of custody within the laboratory. Dr. Kippenberger testified that his knowledge of the chain of custody of the hair samples came from reviewing data of other scientists: "I looked at all the data that the certifying scientists that [sic] signed" and "I looked at all the data from the time the samples came in until the sample was reported." N.T. at p. 34.

Claimant contends that Dr. Kippenberger's testimony regarding the chain of custody violates regulations governing telephone testimony set forth at 34 Pa.Code § 101.130 and that, as a consequence, this testimony is inadmissible. Section 101.130(e) reads in relevant part:

> When any testimony will be given from or with the aid of a document not previously distributed to the parties by the tribunal, the party expecting to introduce the document shall deliver it to the tribunal, and the tribunal shall distribute it to each other party and, if known, counsel or authorized agent before or at the beginning of the testimony.

In addition, 34 Pa. Code § 101.131(h) provides in part as follows:

> A document not provided as required by § 101.130(e) ... may not be admitted nor testimony given or taken from it unless consent has been requested from or given by all parties. Testimony taken or given

---

**2.** The Court's review of the Board's order is limited to a determination of whether the findings of fact are supported by substantial evidence in the record, whether an error of law was committed or whether constitutional rights were violated. *Chamoun v. Unemployment Compensation Board of Review*, 116 Pa.Cmwlth. 499, 542 A.2d

207 (1988). It should be noted that findings of fact made by an administrative agency are conclusive on appeal so long as the record, viewed in its entirety, contains substantial evidence to support such findings. *Taylor v. Unemployment Compensation Board of Review*, 474 Pa. 351, 378 A.2d 829 (1977).

in violation of this subsection will be excluded from consideration, as will the document.

Claimant argues that the requirements of Section 101.130(e) were not met with regard to Dr. Kippenberger's testimony: the document detailing the chain of custody of Claimant's hair sample in the laboratory was not delivered to the tribunal, and it was not distributed to Claimant pursuant to the regulation. Claimant's counsel never waived the right to receive this document; in fact, Claimant's counsel specifically objected to Dr. Kippenberger's testimony as it was inadmissible concerning the chain of custody of Claimant's hair sample. The referee sustained this objection. Notably, the Board stated in its brief that the litigation packet "unfortunately" was not forwarded to the referee prior to the hearing.

This Court has repeatedly stated that gaps in the chain of custody go to the weight to be given the testimony and not to its admissibility. *Brunson v. Unemployment Compensation Board of Review*, 131 Pa.Cmwlth. 462, 570 A.2d 1096 (1990). A gap is a period of time in which the custody of a particular piece of evidence is not accounted for through testimony. *Id.* Claimant asserts, and the Court agrees, that Dr. Kippenberger's testimony regarding the chain of custody is not merely a gap but in fact represents the totality of the evidence on that subject. The record shows that the chain of custody document, or litigation packet, not distributed in accordance with Section 101.130(e) included the entire documentation of how the hair sample was taken and packaged by Dr. Walter Hoover, Medical Director of USX Clairton, and was processed throughout the laboratory during different phases of testing. This Court has held that where a sample is not taken by the laboratory which prepared the test report, the chain of custody must be independently proven before the report may be admitted. *Worthington v. Department of Agriculture State Horse Racing Commission*, 100 Pa.Cmwlth. 183, 514 A.2d 311 (1986).

The Board based its decision in part on the fact that the sample was taken by Dr. Hoover in accordance with all "chain of custody requirements and procurement procedures" outlined in the sampling protocol of the laboratory. Board Finding of Fact No. 15. The litigation packet represents the entirety of the evidence regarding the chain of custody for Test Two, and any testimony based on this document should have been excluded as it was inadmissible under the Board's regulations. The exclusion of the chain of custody document and testimony based thereon therefore cannot be treated as a simple gap in the chain of custody evidence. Employer, therefore, has not established an essential element of its case. Employer has produced the results of Test Two that registered positive for cocaine usage in one part of the hair sample tested; nevertheless, Employer simply has not linked those results to Claimant through substantial and competent evidence.[3]

(b)

The Court further notes that the Board failed to make findings of fact specifically as to Claimant's rate of hair growth, despite extensive testimony from Claimant's beautician about the treatment and growth of Claimant's hair and from a cosmetology manager called by Claimant to testify about her

---

3. Claimant also argues that the laboratory report must be excluded on hearsay grounds. She relies on *Philadelphia Electric Company v. Unemployment Compensation Board of Review*, 129 Pa.Cmwlth. 417, 565 A.2d 1246 (1989), and on *McKinney v. Unemployment Compensation Board of Review*, 117 Pa.Cmwlth. 168, 543 A.2d 598 (1988). However, Test One and Test Two arguably fall under the business records exception to hearsay. See Uniform Business Records as Evidence Act, 42 Pa.C.S. § 6108(b). Under this exception, a qualified witness must testify to the identity of a report and the mode of its preparation. Dr. Kippenberger testified about his familiarity with the general testing procedures followed in the laboratory when testing hair samples. In addition, the case is distinguishable from *Highland Park Center v. Unemployment Compensation Board of Review*, 94 Pa.Cmwlth. 390, 503 A.2d 1037 (1986), where the employer's personnel director provided no information relating to the preparation and maintenance of the records at issue to justify their admission under the Business Records Act. Nonetheless, even though a record may be admissible under the Business Records Act, the record contents may not represent competent evidence to support a decision if the contents are otherwise inadmissible. *Horner v. Unemployment Compensation Board of Review*, 105 Pa.Cmwlth 59, 522 A.2d 1197 (1987).

knowledge of hair growth and her observations of Claimant's hair. This omission is crucial to Claimant's case because of her contention that her hair growth rate of one-half inch *per year* was much slower than the rate presumed by Employer and that, as a result, any positive results shown in Test Two would have registered drug activity predating the 1996 Agreement. The referee found that Claimant's hair grows at a slower rate than average and that Employer failed to show when Claimant ingested drugs.

The Board relied instead on non-substantiated and non-qualified expert testimony from Dr. Hoover to find that "[h]uman hair grows roughly one-half inch per month." Board Finding of Fact No. 12. *See Horner v. Unemployment Compensation Board of Review,* 105 Pa.Cmwlth. 59, 522 A.2d 1197 (1987), where scientific testimony was held to be inadmissible because no proper foundation was laid for the testimony and the witness was not properly qualified as an expert in the field. The Board also found that hair testing can detect drug use within a 90–day period as contrasted with a 2– to 3–day period for conventional drug testing and that based on the test results here Claimant would have used drugs sometime between the sixtieth and ninetieth day preceding November 6, 1997. The Court concludes, from the foregoing discussion, that the Board's crucial findings lacked substantial evidence and, consequently, that the Board's decision was not supported by the record. The Court accordingly reverses the order of the Board.

### ORDER

AND NOW, this 25th day of November, 1998, the order of the Unemployment Compensation Board of Review is reversed.