963 A.2d 1245 (2009)
405 N.J. Super. 252
Tracey D. PARKS, Appellant,
v.
BOARD OF REVIEW, DEPARTMENT OF LABOR and Cooper Health System, Respondents.
No. A-4053-07T2.
Superior Court of New Jersey, Appellate Division.
Submitted January 13, 2009.
Decided February 10, 2009.
*1246 Tracey D. Parks, appellant pro se.
Anne Milgram, Attorney General, for respondent Board of Review (Lewis A. Scheindlin, Assistant Attorney General, of counsel; Brady Montalbano Connaughton, Deputy Attorney General, on the brief).
Respondent Cooper Health System has not filed a brief.
Before Judges SKILLMAN, GRAVES and GRALL.
The opinion of the court was delivered by
SKILLMAN, P.J.A.D.
Appellant Tracey Parks appeals from a final decision of the Board of Review, which affirmed a determination of an Appeal Tribunal that she was disqualified under N.J.S.A. 43:21-5(b) from receiving unemployment compensation benefits for a period of six weeks because she was discharged for "misconduct" connected with her work. We reverse.
N.J.S.A. 43:21-5(b) provides in relevant part that "[a]n [applicant for unemployment compensation benefits] shall be disqualified for benefits ... [f]or the week in which the [applicant] has been suspended or discharged for misconduct connected with the work, and for the five weeks which immediately follow that week."
Our decisions have long-recognized that "misconduct" requiring a temporary disqualification from receiving un-employment compensation benefits must be more than simply inadequate job performance that provides good cause for discharge. "Misconduct within the meaning of [N.J.S.A. 43:21-5(b)] ... must be an act of wanton or willful disregard of the employer's interest, a deliberate violation of the employer's rules, a disregard of standards of behavior which the employer has the right to expect of his employee, or negligence in such degree or recurrence as to manifest culpability, wrongful intent, or evil design, or show an intentional and substantial disregard of the employer's interest or of the employee's duties and obligations to the employer." Beaunit Mills, Inc. v. Bd. of Review, 43 N.J.Super. 172, 183, 128 A.2d 20 (App.Div.1956) (quoting 48 Am.Jur. Soc. Sec., Unemployment Comp. § 38 at 541 (1943)), certif. denied, 23 N.J. 579, 130 A.2d 89 (1957). Thus, disqualification under N.J.S.A. 43:21-5(b) *1247 is warranted only when the employee's conduct that resulted in his or her discharge had "the ingredients of wilfulness, deliberateness and intention." Demech v. Bd. of Review, 167 N.J.Super. 35, 38, 400 A.2d 502 (App.Div.1979); see also Smith v. Bd. of Review, 281 N.J.Super. 426, 433-34, 658 A.2d 310 (App.Div.1995).
We have no doubt that an employee who was discharged for chronic absenteeism without reasonable excuse could be disqualified from receiving unemployment compensation benefits for the required six-week period based on "misconduct connected with the work." N.J.S.A. 43:21-5(b). Such an employee could be readily found to have committed "deliberate violation[s] of the employer's rules, ... or ... an intentional and substantial disregard... of the employee's duties and obligations to the employer." Beaunit Mills, supra, 43 N.J.Super. at 183, 128 A.2d 20; see also James D. Lawlor, Annotation, Discharge for Absenteeism or Tardiness as Affecting Right to Unemployment Compensation, 58 A.L.R.3d 674 (1974 & Supp. 2008).
However, appellant's absences from work that resulted in her discharge cannot be characterized in these terms. Appellant, who was the only witness at the Appeal Tribunal hearing, testified that the reason she was absent from her job as a critical care technician on December 12, 2007 was that her four-year-old niece had been dropped off at her doorstep the night before because the child's mother "was homeless and couldn't take care of her." Appellant further testified that there was no one else available to take care of the child at that time and that she informed her employer before her shift began that she would be unable to come to work due to this family emergency. Appellant also testified that she had been absent from work on three prior occasions during 2007; one day because she was sick and two other days because her son, who is asthmatic, was sick. After the last of those absences, respondent employer, Cooper Health System, gave her a written warning that she would be terminated if she was absent again. Cooper did not present any testimony or other evidence to dispute appellant's account of the reasons for her four absences from work during 2007.
The Appeal Tribunal did not question the credibility of appellant's testimony regarding the reasons for her absences from work. Nevertheless, it concluded that she was temporarily disqualified under N.J.S.A. 43:21-5(b) from receiving un-employment compensation benefits:
Prior to being discharged the claimant received at least two warnings (verbal and written warning) regarding the issue of her attendance, the final warning being a month prior to her discharge. At that time the claimant was made aware her employment was in danger of being terminated.
The final incident that resulted in the claimant's termination occurred as a result of her absence on 12/12/07 when she called out absent because she was caring for her niece who was homeless.
. . . .
The claimant's action in excessive absenteeism after previously being warned, which was the cause of the discharge, was a disregard of the standards of behavior which the employer has a right to expect of his employees and constitutes misconduct connected with the work.
We conclude that the Appeal Tribunal erred in ruling that appellant's absences from work constituted "misconduct" within the meaning of N.J.S.A. 43:21-5(b). All of appellant's absences were occasioned by family emergencies, the first three by her own illness and the illness of her son and the last one by her being unexpectedly placed in the position of having to care for her homeless four-year-old niece. Absences *1248 from work for such reasons do not constitute "deliberate violation[s] of the employer's rules, ... or ... an intentional and substantial disregard ... of the employee's duties and obligations to the employer." Beaunit Mills, supra, 43 N.J.Super. at 183, 128 A.2d 20.
This conclusion is supported by decisions in other states which have held that an employee's absence from work due to a need to care for a sick child or attend to some other form of family emergency is not "misconduct" within the intent of those states' analogues to N.J.S.A. 43:21-5(b). See, e.g., Foote v. Unemployment Appeals Comm'n, 659 So.2d 1232, 1233 (Fla.Dist.Ct. App.1995); McCourtney v. Imprimis Tech., Inc., 465 N.W.2d 721, 724 (Minn.Ct. App.1991); Tutwiler v. Fin-Clair Corp., 995 S.W.2d 497, 499 (Mo.Ct.App.1999); Intercraft Indus. Corp. v. Morrison, 305 N.C. 373, 375, 289 S.E.2d 357, 359 (1982); Steth, Inc. v. Unemployment Compensation Bd. of Review, 742 A.2d 251, 253 (Pa. Commw.Ct.1999).
Accordingly, the Board of Review's final decision is reversed.